# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

### *W. T. GRANT COMPANY v. EDNA R. WEBB.

March 19, 1936.

Present, Holt, Hudgins, Gregory, Browning, Chinn and Eggleston, JJ.

The opinion states the case.

*Williams, Loyall & Taylor,* for the plaintiff in error.

*Charles C. Berkeley* and *L. V. Snell,* for the defendant in error.

*Note.—Due to circumstances over which the court had no control it became necessary to reassign the preparation of this opinion at this term of court.

HUDGINS, J., delivered the opinion of the court.

Plaintiff in the trial court, instituted this action to recover damages for personal injuries, sustained by her when she fell in defendant's store. The jury returned a verdict for plaintiff in the sum of $1,400, on which the trial court entered judgment.

The first assignment of error is to the action of the court in refusing to sustain a motion to set aside the verdict, on the ground that no negligence was proven.

W. T. Grant Company operates a retail store in Newport News. On November 2, 1933, Mrs. Webb and her mother were standing at a counter in the store, looking at some merchandise, when the accident occurred. Mrs. Webb, who is five and one-half feet tall, and on that day weighed approximately 189 pounds, was wearing spiked heels two and five-eighths inches high. Her account of the accident is as follows:

"I was standing a little behind my mother who was standing up right close to the counter picking out some underwear and I was just a little behind her.

\* \* \* \* \* \* \* \* \* \*

"I was not moving, just maybe probably throwed more weight on one foot to look and answer a question that mother had asked about the underwear."

At that time, she was standing still. In answer to her mother's inquiry, she stated she "swung" her head and body around and one foot "started slipping and in trying to catch myself with my elbow on the side of the counter, I did not make any success and landed on the floor."

She said she had been there a number of times before, that on that day she did not notice anything unusual about the floor, and did not pay any attention to it.

Her mother, Mrs. Root, a lady seventy-two years of age, testified that there was some preparation on the floor, and it was slippery, but she said she did not know what caused her daughter to fall.

Mrs. Webb and the nurse testified that when the parties

reached home in an ambulance, she examined the bottom of her shoe, which showed some deposit of oil, or some oily looking substance on it; but she had been in other stores on the street and in an automobile, and no one stated where Mrs. Webb had obtained the stain on the bottom of her shoe.

The undisputed evidence for defendant was to the effect that the floor was not treated with oil, but with a preparation known as Trackless Floor Dressing; that the last treatment was given on October 21st, some twelve days prior to the date of the accident; then the floor was mopped dry with a mop, and no liquid left; that every night it was swept or mopped after closing time; that approximately 1,600 customers a day had been in the store in the interval between October 21st and November 2nd, and no one had slipped or fallen on the floors. At the counter Mrs. Webb fell, there was nothing unusual noticed there before, or immediately after the accident, no liquid or loose oil observable.

In *Turner* v. *Carneal,* 156 Va. 889, 894, 159 S. E. 72, 73, this is said:

"While it is true that in Virginia the doctrine prevails that an owner or occupant of land who holds out an invitation to others to come upon his premises must exercise due care in keeping and maintaining his premises in a reasonably safe condition (*LeCato* v. *Eastern Shore Agricultural Ass'n,* 147 Va. 885, 133 S. E. 488), we know of no rule which makes them insurers of the safety of an invitee."

In the case of *Mona* v. *Erion,* 223 App. Div. 526, 228 N. Y. S. 533, the plaintiff testified that she slipped on a patch of oil. The defendant from time to time oiled the floor. It was shown that the last time the oil was applied was somewhere from two to four weeks before the plaintiff's fall. A number of witnesses testified that there were no pools of oil upon the floor at the time of the accident. The court said (223 App. Div. 526, 228 N. Y. S. 533, at page 535):

"Plaintiff was bound to establish that this duty was violated, and, we think she failed to do so. Viewing the case as a whole, the verdict is entirely against the weight of the evidence. The existence of a spot of oil such as is described by plaintiff does not, in and of itself, establish a cause of action, notwithstanding she may have fallen thereon. The store had been in constant use since the floor dressing had been last applied, at least two weeks before, and since then it is reasonable to suppose it had been swept as often as once daily. No attempt is made to show how or by whom the oil spot was created, nor as to how long it had existed; so far as appears, it may have come into existence between the time that plaintiff entered the store and when she started to leave, and may have been caused by some person having no connection whatsoever with defendants."

In the case of *Chesapeake & O. Ry. Co.* v. *Heath,* 103 Va. 64, at page 66, 48 S. E. 508, it is said:

"The party who affirms negligence must establish it by proof sufficient to satisfy reasonable and well-balanced minds. The evidence must show more than a probability of a negligent act. An inference cannot be drawn from a presumption, but must be founded upon some fact legally established. This court has repeatedly held that when liability depends upon carelessness or fault of a person, or his agents, the right of recovery depends upon the same being shown by competent evidence, and it is incumbent upon such a plaintiff to furnish evidence to show how and why the accident occurred—some fact or facts by which it can be determined by the jury, and not be left entirely to conjecture, guess or random judgment, upon mere supposition, without a single known fact."

The evidence fails to disclose that defendant breached any duty it owed to plaintiff.

For the reasons stated, the judgment of the trial court is reversed, the verdict of the jury set aside, and final judgment here entered for defendant.

*Reversed.*