ANGELINA PICARIELLO AND RALPH PICARIELLO, HER HUSBAND, PLAINTIFFS-RESPONDENTS, v. LINARES AND RESCIGNO BANK, DEFENDANT-APPELLANT.

Argued May 7, 1941—Decided July 30, 1941.

Before Brogan, Chief Justice, and Justices Case and Heher.

For the plaintiffs-respondents, *David Cohn* (*Samuel A Wiener,* on the brief).

For the defendant-appellant, *Collins & Corbin* (*Edward A. Markley* and *James B. Emory,* of counsel).

Brogan, Chief Justice. The plaintiff Mrs. Picariello recovered a judgment for personal injuries. Her husband had an award representing his loss *per quod consortium amisit* and certain expenses for medical attention to his wife. The defendant bank appeals and raises two questions as error—first, the court's refusal to direct a verdict for the defendant; second, the refusal by the court "and the clerk of the court to accept the verdict as first rendered by the jury." The other specifications of error are abandoned.

For the support of its first point the defendant argues that there was no proof of negligence on the part of the bank. These are the facts: Mrs. Picariello entered the defendant's banking room on February 17th, 1940, at eleven o'clock in the morning, to cash a check; considerable snow had fallen on the preceding day and night; the weather had softened with the result that a good deal of snow and slush had been "tracked" into the banking room; the plaintiff slipped on the wet floor, fell and was injured; in response to her complaint to Mr. Linares, a bank officer who was then working at the teller's window, about the slippery floor, he replied, to use the words of the witness, "I had a man for clean and no clean;" there was no matting on the floor, and plaintiff did not observe the snow and water on the floor until after her mishap. In substance, the foregoing was the plaintiff's testimony. It further appears from the testimony of the witness, Sgrosso, that he had been in the banking room on the morning in question at 9:30 o'clock or thereabouts; that the floor was wet from the snow; that there was "no covering" on the floor; that he had slipped on the wet floor at that time. The witness, Golci, a contractor, testified that the floor in the

banking room, described by him as a "terassa floor" would be "very slippery" if wet.

The defendant's witnesses were Messrs. Rescigno and Linares; the former testified that the floor had been cleaned by a porter at 9 o'clock on the morning of the day in question, *before* the bank opened for the busines of the day; the latter denied any conversation with Mrs. Picariello; said that he saw the porter cleaning the floor at half-past eight that morning but was unable to say whether the floor had been cleaned thereafter.

At that point the court rejected the defendant's motion for a directed verdict and we think this ruling, now challenged as error, was correct. The motion was grounded upon failure to prove defendant's negligence and an assumption of risk by the plaintiff. As regards the negligence feature of the case, the proved facts are not at all in line with such decisions as *Schnatterer* v. *Bamberger*, 81 *N. J. L.* 558; *Bodine* v. *Goerke Co.*, 102 *Id.* 642. In these cases there was lack of notice, direct or implied. Here the facts bring the plaintiffs' case within the principles of those cases of which *Melber* v. *Great A. & P. Co.*, 11 *N. J. Mis. R.* 635; *Abramson* v. *W. T. Grant Co.*, 12 *Id.* 192, and *McGee* v. *Kraft*, 110 *N. J. L.* 532, are examples. The testimony here shows that the floor was wet, that when it was wet it was very slippery and that this condition existed for about an hour and a half before the plaintiff fell. Thus the jury might legitimately infer that the defendant knew or had reasonable opportunity to know—the evidence being that there was water on the floor at 9:30 or 9:45 A. M.—that the wet floor was a hazard to those using it, in which event actual or constructive notice might properly be inferred by the jury.

As to the question of assumption of risk, it is sufficient to say that there is no evidence that Mrs. Picariello was aware that the floor was wet. The credibility of that statement was a matter for the jury. If the jury could have found, as apparently they did, that the plaintiff was unaware of the risk, this is enough. If one is to be charged with assumption of risk it must appear that such person realizes the imminence of the hazard or that reasonably he should have realized it and that

nonetheless he risks it. *Cf. Cetola* v. *Lehigh Valley Railroad,* 89 *N. J. L.* 691, and *Castino* v. *DiMenzo,* 124 *Id.* 398. Whether the plaintiff assumed the risk was therefore a fact question.

The second point—that the court and the clerk erred in refusing to accept the verdict of the jury—is entirely lacking in merit. The jury returned a verdict of "$200 for the plaintiffs." The court asked them if they had not found for the plaintiffs separately and the foreman of the jury replied that the verdict was for both plaintiffs, whereupon the court instructed the jury that separate findings should be arrived at—"one amount for the wife and one amount for the husband." The jury retired and later returned with a verdict for the plaintiff wife and a separate verdict for the husband, to wit, $200 for the former and $65 for the latter.

The appellant's argument is based on cases where a joint verdict having been received was later set aside on review because there was no way of telling how the lump sum verdict was to be divided between two plaintiffs. But that is not this case. It is also said that error resulted because the clerk refused to accept the verdict as rendered. This is not the fact. No action by the clerk entered into the matter. The court dealt with the situation and dealt with it properly. The clerk had a ministerial duty—to receive the verdict. That we must assume the clerk would have done had not the court taken control of the matter. If the verdict be informal the court should mould it, if that may be done, legally. *Cf. Foulkner* v. *Hopkins,* 100 *N. J. L.* 189. Here the court, realizing that a joint verdict had been rendered, which would make the finding nugatory (*Cf. Warner* v. *Public Service Co.,* 9 *N. J. Mis. R.* 328; *Wilson* v. *Deschner,* 11 *Id.* 609) directed the jury to find separate verdicts (Compare *Conti* v. *Alea,* 107 *N. J. L.* 391).

In our view it was the duty of the court to remand the jury so that a legal finding might be had. *Cf. State* v. *Pallitta,* 11 *N. J. Mis. R.* 612; *Sockolowski* v. *Olkowski,* 102 *N. J. L.* 50; compare *Engle* v. *State,* 50 *Id.* 272, 274; *State* v. *Overton,* 85 *Id.* 287; see 64 *C. J.* 1089, 1092, §§ 890, 891.

We perceive no error and the judgment should be affirmed, with costs.