Argued October 18, affirmed November 2, 1956

## GILL v. MEIER & FRANK COMPANY

303 P. 2d 211

*Alton John Bassett,* Portland, argued the cause for appellant. With him on the brief was Burton J. Fallgren, Portland.

*Wayne A. Williamson,* Portland, argued the cause for respondent. With him on the brief were Mautz, Souther, Spaulding, Denecke & Kinsey, Portland.

Before WARNER, Chief Justice, and TOOZE, LUSK and BRAND, Justices.

PER CURIAM.

 Plaintiff appeals from a judgment of involuntary nonsuit in a personal injury action. Her alleged injuries were sustained in a fall in the department store of the defendant, Meier & Frank Company, in Portland on December 26, 1951. Plaintiff alone testified to the occurrence. She entered the store as a customer by the Alder Street entrance at the corner of Sixth Avenue at about 3:00 P.M. It had been raining and snowing. She passed through the outer doors into the vestibule and thence through the inner doors to the store proper, and stopped for a few minutes at a jewelry counter near the entrance. As she walked away from the jewelry counter she slipped and fell. The place of the accident was not less than 10 nor more than 30 feet from the entrance way. Her claim of negligence in her complaint is that the defendant "carelessly and negligently allowed and permitted water, mud and slush to accumulate on its stone floor." There is no evidence that there was either mud or slush on the floor. There is evidence that the floor was wet and the water muddy. The water had no depth. The store was crowded with customers, and the inference is that the water was tracked in by the wet feet of the store's customers. It was the duty of the defendant to maintain the floor of its building in a reasonably safe condition. But the defendant was not an insurer of plaintiff's safety. It was not required "to have some one mop up after each customer who entered." *Lopp v. First National Bank,* 151 Or 634, 640, 51 P2d 261. See, also, *S. S. Kresge Co. v. Fader,* 116 Oh St 718, 158 NE 174, 58 ALR 132; *Williams v. Kansas City Terminal Ry. Co.,* 288 Mo 11, 231 SW 954.

There is no substantial evidence of negligence, and the judgment is, therefore, affirmed.