# Richmond

## Mary D. Gall v. The Great Atlantic & Pacific Tea Company.

June 12, 1961.

Record No. 5248.

Present, Eggleston, C. J., and Spratley, Buchanan, Snead and I'Anson, JJ.

The opinion states the case.

*Lois H. Miller* and *Daniel I. Sherry*, for the plaintiff in error.

*Charles H. Duff* and *Norman F. Slenker* (*Jesse, Phillips, Kendrick & Gearheart*, on brief), for the defendant in error.

I'Anson, J., delivered the opinion of the court.

The plaintiff, Mary D. Gall, filed a motion for judgment against the defendant, the Great Atlantic & Pacific Tea Company, to recover damages arising out of personal injuries claimed by her to have been received as a result of the negligence of the defendant while she was in its store as an invitee. A jury returned its verdict for the defendant, on which the trial court entered judgment, and the plaintiff is here on a writ of error.

The plaintiff assigns as error the granting of defendant's instruction "D" on contributory negligence, and the admission of testimony relating to the "absence of prior accidents."

The evidence shows that on Friday afternoon, September 19, 1958, the plaintiff, an employee of another chain grocery store for the past three years, entered the defendant's supermarket in the city of Falls Church to purchase a certain brand of coffee. While on her way to the shelves where the coffee was located she stopped in the produce department to look at the fruits and vegetables displayed there. She remained in this department approximately five minutes, and as she turned to leave the bin or table on which grapes were displayed she slipped and fell as the result of stepping on some grapes lying on the floor, causing her to suffer the injuries complained of. She did not look at the floor before stepping on the grapes and was unable to state how many were there.

Several other customers were in the produce department while the plaintiff was there, but she did not see any employee of the store until after she had gotten up from her fall. She then suggested to the employee that he sweep up the grapes, which he said he would do. She then walked to the coffee counter, got her package, and after that reported the incident to the store manager.

The defendant's store manager testified that there had been three other accidents in the store within the past twelve months on account of debris in the store's aisles. His testimony further shows that care was taken by the defendant and its employees to remove refuse which fell on the floor by sweeping the premises at least every hour, and often every ten to thirty minutes. There is no claim that the defendant's store was inadequately lighted or that anything concealed the grapes on the floor from plain view.

The plaintiff does not question the form of the contributory negligence instruction in the first assignment of error, but she contends that the evidence does not justify giving it. She argues that she had a right to assume, in the absence of warning, that the de-

fendant had performed its duty to keep the premises in a reasonably safe condition for her visit and that she was not required to be on the lookout for dangerous obstacles or objects in the passage way or aisles that she had been expressly invited to use. She cites *Montgomery Ward & Co.* v. *Young*, 195 Va. 671, 676, 79 S. E. 2d 858, 859; *Raylass Chain Stores, Inc.* v. *DeJarnette*, 163 Va. 938, 943, 178 S. E. 34, 35.

The law is well settled that it is the duty of the defendant to exercise reasonable care to keep its premises in a reasonably safe condition and to warn persons invited to use its premises of dangers which are known to it and unknown to the invitee, but such warning is not required where the dangerous condition is open and obvious, and is patent to a responsible person exercising ordinary care for his own safety; and that an invitee is not required to be on the lookout for dangers in the absence of knowledge or warning of danger. The defendant, however, is not an insurer of the plaintiff's safety. These principles were clearly and succinctly stated by Mr. Justice Eggleston, now Chief Justice, in *Knight* v. *Moore*, 179 Va. 139, 145, 146, 18 S. E. 2d 266, 269, 270, and have been followed in numerous cases. While it is true that the plaintiff was not required to look constantly at the floor, she was not relieved of the duty to exercise ordinary care for her own safety and she cannot walk blindly into a dangerous condition which is open and obvious to a person in the exercise of ordinary care and then claim to be blameless. See *Snyder* v. *Ginn*, 202 Va. 8, 11, 116 S. E. 2d 31, 33; *Certified T. V. & Appliance Co.* v. *Harrington*, 201 Va. 109, 116, 109 S. E. 2d 126, 131, and cases there cited.

Instruction "D" told the jury that if a reasonably prudent person would have seen the dangerous condition under the circumstances shown by the evidence, then the plaintiff should have seen it. The instruction merely stated that the standard of care required of the plaintiff was the same as that of a reasonably prudent person under similar circumstances. The plaintiff was an employee of another supermarket and she must have known that it is practically impossible to keep the store aisles clear of debris at all times, and yet the instruction complained of did not require her to use any more care for her own safety than that of a reasonably prudent person. In the *Montgomery Ward* and *Raylass* cases, *supra*, relied on by the plaintiff, the jury was instructed on the question of the contributory negligence of the plaintiffs, and the conditions complained of were

not as open and obvious as the condition in the present case.  See also *Acme Markets* v. *Remschel*, 181 Va. 171, 179, 24 S. E. 2d 430, 434.  The evidence justified the giving of the instruction and there is no merit in this assignment of error.

The plaintiff next contends that the trial court erred in allowing in evidence, over her objection, testimony by defendant's manager concerning prior accidents.

The record shows that the point was not properly saved in the trial court.  Rule 1.8[1], Rules of Court.  When counsel for the defendant examined as a witness the defendant's store manager regarding prior accidents, the following occurred:

"Q. During the year immediately preceding Mrs. Gall's fall how many people fell in your store on any debris?

"Mr. Sherry: Your Honor, I object, I don't see what relevancy there is to the issue.  There is no doubt Mrs. Gall fell.

"The Court: The objection is overruled."

It is to be noted from the above that the plaintiff did not object or except to the ruling of the court but only to the proffer of the testimony, and the ground of the objection is not stated with reasonable certainty.  It is to the ruling of the court that an objection or exception must be directed.  It is not necessary that the ground of the objection be restated, if it has been fully stated in the first instance, after the court has made its ruling, but if the party objecting intends to rely on an erroneous ruling in the trial court as a ground for a reversal in this Court he must say, "I wish to save the point," "I except," or words of similar import.  *Fout* v. *Commonwealth*, 199 Va. 184, 194, 98 S. E. 2d 817, 824; *Van Dyke* v. *Commonwealth*, 196 Va. 1039, 1040, 86 S. E. 2d 848, 849; Burks Pleading & Practice, 4 Ed., § 302, p. 546.  See also 44 Va. L. Rev. 474, at p. 478, "Appellate Procedure in Virginia Under The Rules of Court," by Aubrey Russell Bowles, Jr.

During the course of a trial many objections are made which at first blush may appear to counsel to have some substance, but after argument of counsel and the court has made its ruling the original objector is sometimes convinced that the court's ruling is correct and

---

[1] "In civil and criminal cases, all objections to writs of every kind, pleadings, instructions, notices, the admissibility of evidence, or other matters requiring a ruling or judgment of the trial court, shall state with reasonable certainty the ground of objection, and unless it appears from the record to have been so stated, such objections will not be considered by this Court except for good cause shown, or to enable this Court to attain the ends of justice."

he has no intention of further relying on the point raised. The failure of counsel to save the point, or to take an exception, may well lull the court into believing that counsel acquiesced in its ruling. Hence, the requirement of the rule has a salutary effect.

Moreover, the evidence of prior accidents was more helpful to the plaintiff than to the defendant. Usually in cases of this nature, it is the plaintiff who attempts to show that other accidents have occurred on the premises for the purpose of pointing out that the defendant did not perform its duty to exercise reasonable care to keep its premises in a reasonably safe condition. The record shows that the plaintiff took full advantage of the testimony in her argument to the jury. Thus, assuming but not deciding that the evidence was inadmissible, it was not harmful to the plaintiff and did not constitute reversible error.

For the reasons given, the judgment of the court below is

*Affirmed.*