Argued October 30, affirmed December 29, 1961

## WELLS *v.* ROCKFORD GRANGE NO. 501

367 P. 2d 435

*Kenneth M. Abraham,* Hood River, argued the cause for appellant. On the brief were Parker & Abraham, Hood River.

*Mel Kosta,* Portland, argued the cause and submitted the brief for respondent.

Before McALLISTER, Chief Justice, and ROSSMAN, WARNER, SLOAN, O'CONNELL, GOODWIN and LUSK, Justices.

ROSSMAN, J.

This is an appeal by the plaintiff, Grace E. Wells, from a judgment in favor of the defendant which the

circuit court entered after the plaintiff had rested and the trial judge had sustained the defendant's motion for an order of involuntary nonsuit.

The sole assignment of error challenges the order which granted the nonsuit.

The following, taken from the memorandum opinion of the trial judge, states with accuracy the controlling facts.

"The plaintiff brings this action against the defendant grange as a result of injuries received by her from a fall shortly after entering the basement of the defendant's building. There is no question but what the plaintiff received these injuries from the fall and that these injuries were severe and permanent. The facts indicate that the plaintiff was a member of the Pine Grove Grange, a neighboring grange, and that the members of the Pine Grove Grange and the defendant grange, with rare exception, held weekly card parties, the location alternating weekly between the two granges. Usually, prior to the card party, a pot luck dinner was partaken of by those in attendance and the host and hostess for the party being the two low scorers from the previous week's session. During the proceedings a plate was passed and it was expected that each person in attendance would contribute the sum of twenty-five cents which would be used to defray the cost of the prizes, cream and sugar and the balance, although the evidence is not conclusive on this point, would be turned over to the grange hall which was being used on that particular evening. Although there was evidence that not all participants were grange members, it would appear that this was the exception rather than the rule, and the testimony disclosed that the attendance was fairly regular and usually consisted of four to six tables of card players.

"On the day prior to the incident in question a heavy rain fell causing silt and water to be deposited on the floor of the basement of the defend-

ant grange. There is no evidence of when the defendant first learned of this, or that this had happened on prior occasions.

"The evidence presented by the plaintiff concerning the incident, is to the effect that plaintiff and husband, before entering the basement proper, observed mud and water covering the floor nearest the basement entrance, that a Mr. Rough (sp) was clearing or cleaning the floor and he stated to the plaintiff and her husband that they should not proceed directly ahead, but that they should go to their left, to an area from which the mud had been cleaned, although still wet. The plaintiff, following her husband, went to the left, and after several steps, her feet went out from under her and she received the injuries in question. Her clothing was wet where contact was made with the floor but no evidence of mud was disclosed. There was no question of the ability of any of the witnesses, including the plaintiff, to observe the condition of the floor, for they all stated that they were aware of the situation upon entrance. The plaintiff was also aware that entry could have been gained through the first floor. However, she stated that the basement entrance was normally used, as the kitchen and eating space was in the basement.

"Upon the plaintiff resting her case, the defendant moved for an involuntary non-suit on the grounds:

"1. No evidence of negligence on the part of the defendant.

"2. That the plaintiff was not an invitee and consequently no breach of duty on the part of the defendant.

"3. And that as a matter of law the plaintiff was contributorily negligent and had assumed the risk."

It will be noticed that as the plaintiff descended the stairs leading into the basement she observed that

a man by the name of Rough was cleaning the floor that lay ahead of her. The incident happened in broad daylight and the area ahead was plainly visible. The evidence does not disclose the identity of Mr. Rough, that is, it does not indicate whether he was a member, officer or employee of the defendant.

The following decisions hold that under the evidence above reviewed the defendant was not negligent: *Grover v. Owens,* 222 Or 496, 353 P2d 254; *Cowden v. Earley,* 214 Or 384, 327 P2d 1109; *Gill v. Meier & Frank Co.,* 208 Or 536, 303 P2d 211; *Lyons v. Lich,* 145 Or 606, 28 P2d 872.

The assignment of error discloses no merit.

The challenged judgment is affirmed.