## Richmond

THE GREAT ATLANTIC AND PACIFIC TEA COMPANY v. MATTIE LEE
ROSENBERGER.

March 5, 1962.

Record No. 5384.

Present, All the Justices.

*Henry H. Whiting (Kuykendall & Whiting,* on brief), for the
plaintiff in error.

*John F. Anderson (Largent, Anderson & Larrick,* on brief), for
the defendant in error.

Carrico, J., delivered the opinion of the court.

Mattie Lee Rosenberger, the plaintiff, brought an action against The Great Atlantic and Pacific Tea Company, the defendant, seeking to recover damages for personal injuries allegedly sustained when she fell in the defendant's store in Winchester. A jury trial resulted in a verdict in favor of the plaintiff for $1,000.00, upon which the trial court entered final judgment. We granted the defendant a writ of error.

A number of errors are assigned to the actions of the trial court but, in the view we take of the case, it is necessary to consider only those which present the question of whether the evidence was sufficient to sustain the jury's finding that the defendant was negligent.

The evidence is not in conflict. It shows that the plaintiff entered the defendant's store about 5:30 p. m. on November 28, 1959, accompanied by her daughter and grandson. The daughter made her purchases and proceeded to the check-out stands in the front of the store.

The plaintiff then "decided to get just a few things" for herself. Taking her grandson with her, she went to another part of the store and selected her items, including a bag of potatoes, all of which she carried in her arms.

Meanwhile, another customer had dropped and broken a large bottle of liquid starch, light blue in color, on the dark floor in the open area between the food display counters and the check-out stands. The starch spread over an area four to five feet in diameter.

The store manager immediately closed the check-out counter adjacent to the pool of starch, posted a store employee at the starch to guide customers around it, and dispatched another employee to the rear of the store to secure a mop to remove the starch.

The plaintiff proceeded to the front of the store to go through the check-out stands. As she approached the pool of starch she looked behind her to see if her grandson was following and, while so looking, stepped into the starch and slipped and fell.

Although the area was well-lighted, the plaintiff did not see the starch before she fell, nor did she see the guard posted there, who was engaged in directing a young child around the pool to a check-out stand.

The employee who had been sent to secure a mop returned at about the same time the plaintiff fell. He, together with other em-

ployees, cleaned up the starch immediately after the accident occurred.

In reaching a decision in this case, we do not overlook the fact that the plaintiff has secured a jury verdict which has the approval of an able trial judge. It is our duty to uphold the verdict unless it is plainly wrong or without credible evidence to suppport it.

Generally, the question of a defendant's negligence is for the jury to decide. But where the facts are such that reasonable men could draw no other inference or conclusion from them than that the defendant was not in default, then a purely legal question is presented for the determination of the court. In other words where one, and only one, result is warranted from the facts, negligence becomes a matter of law. *Nehi Bottling Co.* v. *Lambert,* 196 Va. 949, 955, 86 S. E. 2d 156; *Ches. & O.R.Co.* v. *Paris,* 111 Va. 41, 45, 68 S. E. 398.

This brings us to a test of the evidence in the case before us.

■ The defendant was under a duty, in the exercise of ordinary care, to have its premises in a reasonably safe condition for the plaintiff's visit. And the plaintiff had the right to assume that the defendant had discharged its duty and that she was upon safe premises until she knew, or should have known, of an unsafe condition. *Charles* v. *Commonwealth Motors,* 195 Va. 576, 577, 79 S. E. 2d 594, *Knight* v. *Moore,* 179 Va. 139, 145, 146, 18 S. E. 2d 266.

In discharging its duty, the defendant was required to warn the plaintiff of hidden dangers which were, or ought to have been, known to it but which were unknown to her. *Gall* v. *Tea Co.,* 202 Va. 835, 837, 120 S. E. 2d 378; *Acme Markets* v. *Remschel,* 181 Va. 171, 177, 24 S. E. 2d 430. And where the danger consisted of a foreign substance on the floor, although caused by the act of another customer, the defendant was required to remove the substance without unreasonable delay after it knew, or should have known, of its presence. 42 ALR 2d 1103, 1104.

The defendant was not, however, required to warn the plaintiff of a dangerous condition that was open and plainly visible to a person reasonably alert for his own safety. *Snyder* v. *Ginn,* 202 Va. 8, 11, 116 S. E. 2d 31; *Gottlieb* v. *Andrus,* 200 Va. 114, 117, 104 S. E. 2d 743. Nor was it required to remove the foreign substance in less time than ordinarily required for such a task.

■ An examination of the record before us leads to but one conclusion—that the defendant did not fail in its duty to the plaintiff.

We think that the minds of reasonable men would not differ in reaching this conclusion.

The evidence shows clearly that the pool of starch was open and obvious to every person connected with the incident in question save one—the plaintiff, who failed to see it because she was looking behind her.

It is just as clearly shown that as soon as the bottle of starch fell to the floor the defendant's employees used reasonable efforts to remove it and, while the starch was still on the floor, took precautions to protect the customers from harm by closing the check-out stand and posting a guard.

There is, therefore, no evidence in the record to show that the defendant was negligent. But the evidence is without conflict that the reason the plaintiff did not see the starch, or the guard directing the child around it, was because she was carelessly inattentive to her own safety, not because of something which the defendant failed to do.

If we adopt the view of this case which the plaintiff urges upon us, we would then place the defendant in the position of an insurer of the plaintiff's safety. It may be well to say, as we have often said before, that such is not the law in this type of case. *Safeway Stores, Inc.* v. *Tolson*, 203 Va. 13, 15, 121 S. E. 2d 751; *State-Planters Bank & Trust Co.* v. *Gans*, 172 Va. 76, 79, 200 S. E. 591.

Since the verdict was without evidence to support it, the trial court erred in refusing to set it aside. For this error the judgment will be reversed and final judgment will be entered here in favor of the defendant.

*Reversed and final judgment.*