## Staunton

### DORIS L. SHIFLETT v. M. TIMBERLAKE, INCORPORATED.

September 11, 1964.

Record No. 5781.

Present, All the Justices.

*Frank C. Maloney, III* and *Cary L. Branch* (*Allen, Allen, Allen & Allen*, on brief), for the plaintiff in error.

*Robert E. Taylor (Richard S. Callaghan, Jr.; Taylor, Camblos & Michie,* on brief), for the defendant in error.

EGGLESTON, C. J., delivered the opinion of the court.

 Doris L. Shiflett, sometimes hereinafter called the plaintiff, filed a motion for judgment against M. Timberlake, Incorporated, hereinafter called the defendant, the operator of a drugstore in the city of Charlottesville, to recover damages for injuries sustained when she slipped and fell to the floor while visiting the drugstore as a customer. She alleged that her fall and injuries were caused by the negligence of the operators of the store in failing to exercise ordinary care to keep the premises in a reasonably safe condition and in failing to warn her of the dangerous condition thereof. In its responsive pleadings the defendant denied the allegations of negligence and alleged that the plaintiff's injuries were caused by her own negligence.

At a trial before a jury motions to strike the evidence of the plaintiff and enter summary judgment for the defendant were made at the conclusion of the plaintiff's evidence and again at the conclusion of all of the evidence. These motions were overruled. The jury returned a verdict of $10,000 in favor of the plaintiff. On motion of the defendant the lower court set aside the verdict and entered a final judgment for the defendant. We granted the plaintiff a writ of error.

The sole question presented on this appeal is whether the evidence, considered in the light most favorable to the plaintiff, was sufficient to support the finding of the jury that the defendant was guilty of negligence which was a proximate cause of the plaintiff's injuries and that she was free of contributory negligence.

Stated in the light of the verdict favorable to the plaintiff, the facts are these: On Saturday, December 23, 1961, shortly before 3:00 P. M., Mrs. Shiflett entered the defendant's drugstore intending to buy a sandwich and a cup of coffee. It was then snowing and had been since early morning and there was slush on the sidewalks. She was wearing spike high-heel shoes, but no overshoes, and was carrying several packages.

Mrs. Shiflett entered the main entrance to the drugstore, on the outside of which was a rubber mat. She walked down the aisle in a normal manner toward the luncheonette in the rear and was looking at a bright display on the middle counter. She said that after she had taken about six or seven steps her feet "suddenly shot out from

under" her and she fell, landing on her left hip, and was "knocked unconscious." In a short while she was taken to a hospital. En route there she regained consciousness and noticed that her clothes in the back from the waist down were quite wet.

The plaintiff testified that prior to her fall she "could see nothing on the floor" which caused her to fall. However, Mrs. Ruth V. Lewis, who at the time was employed as a fountain girl in the drugstore, testified that she was near the front of the store and saw Mrs. Shiflett enter and later fall. Mrs. Lewis stated that there was water on the floor at the place where Mrs. Shiflett fell.

John R. Ponton, one of the owners of the drugstore, testified that when the weather is inclement and it is noted that dampness is being tracked into the store and water is accumulating on the floor, it is mopped. Moreover, he said, a 5 by 3 cocoa mat is put inside the entrance for the purpose of removing water from the feet of the customers.

Ponton further testified that about an hour before Mrs. Shiflett's visit he observed that water was being tracked in by the customers and that the floor was "getting damp." He said that while three porters were available for mopping the floor when necessary, there was no accumulation of water at that time and it was not mopped, but that he brought the cocoa mat from the basement of the store and placed it just inside the door and that it was there when Mrs. Shiflett entered the drugstore.

Mrs. Lewis, the witness for the plaintiff, testified positively that this cocoa mat was not there at the time Mrs. Shiflett came into the drugstore. In her testimony, Mrs. Shiflett said nothing about this mat, but recalled the rubber mat outside the door.

The floor at the scene of the accident has a standard Armstrong plastic covering customarily used in commercial and mercantile buildings. There was no defect in the floor, but there is evidence on behalf of the plaintiff that such covering becomes slippery when wet and that the proprietors of the drugstore were aware of this.

Judy Shiflett, a daughter of the plaintiff, testified that a day or two after the accident she called the drugstore to inquire as to what had become of the packages which her mother was carrying at the time of her fall. She said that she talked to Samuel T. McAtee, one of the owners, and that during the conversation McAtee expressed his regret at the accident, saying that "he was sorry and he should have had the floor mopped up or a mat down because the combination of the floor and water made a very slippery substance."

While McAtee admitted having had a conversation with Miss Shiflett about the packages, he denied having told her that the floor was slippery or that it should have been mopped or that the mat was not in the proper place.

Without objection, the lower court instructed the jury that the plaintiff occupied the status of an invitee in the store; that the defendant owed her the duty to exercise ordinary care to have its premises in a reasonably safe condition at the places she had a right to be; and that it owed her the duty to give an effective and timely warning of the existence of a hazardous condition, if any, on the premises which was or should have been known to the defendant and was unknown to the plaintiff.

Likewise without objection, the jury were further told that if they found from the evidence that the floor of the drugstore was slippery and dangerous or unsafe at the time of the plaintiff's visit, that the defendant knew, or in the exercise of reasonable care should have known, that fact and failed to correct such situation within a reasonable time thereafter, and that the condition of the floor proximately caused the plaintiff's injuries, they should find a verdict in her favor unless they found from a preponderance of the evidence that she was contributorily negligent.

Such instructions are within the principles long recognized by us and recently stated in *Great Atlantic & Pacific Tea Co.* v. *Rosenberger*, 203 Va. 378, 380, 124 S. E. 2d 26, 28, and cases there cited.

The gist of the plaintiff's case is that the evidence warranted the jury in finding that the floor of the drugstore had become wet and slippery because of water tracked in by customers prior to the plaintiff's visit there; that the defendant knew or should have known of this condition; and that the defendant was negligent in failing (1) to place a mat inside the door to absorb the water from the feet of the customers, (2) to mop the floor where the water was accumulated, and (3) to warn her that the floor was slippery. Moreover, the plaintiff contends that it was for the jury to say whether, at the time of the accident, she was guilty of contributory negligence. We agree with this position of the plaintiff.

One of the main contentions of the defendant is that, according to what it says is the "majority view," a storekeeper is not liable to an invitee who falls on a floor made wet and slippery by moisture tracked in by customers during inclement weather. There are cases which support this view for the stated reasons that a storekeeper is not responsible for weather conditions, that it is practically impossible

to prevent this situation, and that the situation is as well known to the invitee as to the storekeeper. A collection of such cases, including those relied on by the defendant,[1] is found in the annotation in 62 A. L. R. 2d 6-124, and other annotations there referred to.

However, many courts take the opposite, and what we think is the better, view that a storekeeper is not exempt from liability to an invitee who falls on a floor made wet and slippery by moisture tracked in by customers during inclement weather.[2]

In our view, the liability of a storekeeper in this type of case does not turn on whether the water on or dampness of the floor was tracked in by other customers. It turns on whether, under the circumstances, the storekeeper has exercised ordinary care to prevent a hazardous condition on his premises, or, if there was such condition, whether he exercised ordinary care to correct it after he knew, or by the exercise of ordinary care should have known, of its existence. As we said in *Great Atlantic & Pacific Tea Co.* v. *Rosenberger, supra,* "where the danger consisted of a foreign substance on the floor, although caused by the act of another customer, the defendant was required to remove the substance without unreasonable delay after it knew, or should have known, of its presence." 203 Va. at 380, 124 S. E. 2d at 28. See also, *Norris* v. *Belk's Department Store, etc., Inc.,* 259 N. C. 350, 130 S. E. 2d 537, 539.

In the present case there is evidence which supports the finding of the jury that the floor had become wet and slippery because of the accumulation of water thereon before Mrs. Shiflett arrived there. As has been said, Ponton, one of the owners, was aware of this. Moreover, this witness set the standard of care required in such a situation when he testified that in inclement weather it was the practice of the store to mop the floor when water accumulated on it and to place

---

[1] *S. S. Kresge Co.* v. *Fader,* 116 Ohio St. 718, 158 N. E. 174, 58 A. L. R. 132; *Bersch* v. *Holton Street State Bank,* 247 Wis. 261, 19 N. W. 2d 175; *Lander* v. *Sears, Roebuck & Co.,* 141 Me. 422, 44 A. 2d 886; *Gill* v. *Meier & Frank Co.,* 208 Or. 536, 303 P. 2d 211; *Safeway Stores, Inc.* v. *Criner,* Okla., 380 P. 2d 712; *Dudley* v. *Montgomery Ward & Co.,* 64 Wyo. 357, 192 P. 2d 617.

[2] See *Powell* v. *Deifells, Inc.,* 251 N. C. 596, 112 S. E. 2d 56, for a discussion of the subject. See also, *Robertson Bros. Dept. Store v. Stanley,* 228 Ind. 372, 90 N. E. 2d 809; *Lagana* v. *Stop and Shop, Inc.,* 24 Conn. Sup. 64, 186 A. 2d 565; *Flora* v. *Great Atlantic & Pacific Tea Co.,* 330 Pa. 166, 198 A. 663; *Lyle* v. *Megerle,* 270 Ky. 227, 109 S. W. 2d 598; *Yanowitz* v. *Augenstern,* 343 Mass. 513, 179 N. E. 2d 592; *Laskey* v. *First Nat. Stores, Inc.,* 317 Mass. 624, 59 N. E. 2d 259; *Yeager* v. *Chapman,* 233 Minn. 1, 45 N. W. 2d 776, 22 A. L. R. 2d 1260; *Picariello* v. *Linares & Rescigno Bank,* 127 N. J. L. 63, 21 A. 2d 343, affirmed 127 N. J. L. 565, 23 A. 2d 396; *Great Atlantic & Pacific Tea Co.* v. *McLravy,* 6 Cir., 71 F. 2d 396. For additional cases see Annotation, 62 A. L. R. 2d 6-124.

a mat at the entrance. Whether he should have taken these precautions on this occasion, and whether he did so, were questions for the jury.

It is true that the testimony of Mrs. Lewis, that there was an accumulation of water on the floor, that the cocoa mat had not been placed near the entrance, and the manner in which the plaintiff fell, was contradicted by several witnesses. There was also evidence that this witness, a former employee of the defendant, was biased and prejudiced against it because of the unsatisfactory outcome of a workman's compensation claim which she had against the defendant. These circumstances do not render the testimony of this witness incredible or unworthy of belief, as the defendant argues. On the contrary, her credibility and the weight to be given her testimony were peculiarly within the province of the jury.

The lower court instructed the jury that the defendant owed the plaintiff the duty to give an effective and timely warning "concerning the existence of a hazardous condition, if any, on the premises which *were*, or should have been, known to the defendant * * * and * * * *were* unknown to the plaintiff." Admittedly, no such notice or warning was given and the jury had the right to find that this, too, constituted negligence on the part of the defendant. *Acme Markets, Inc.* v. *Remschel*, 181 Va. 171, 177, 24 S. E. 2d 430, 433.

Whether the plaintiff was contributorily negligent under the related circumstances was likewise a question for the jury. She testified that she entered the store and walked toward the rear in a normal manner. Her attention was attracted to a bright display on a near-by counter, and, as she said, "with the normal scope of my vision I could see nothing on the floor."

Being an invitee in the drugstore the plaintiff had the right to assume that the premises were reasonably safe, and in the absence of knowledge or warning of danger, was not required to be on the lookout for it. Whether the situation was so open, obvious and patent to the plaintiff that in the exercise of ordinary care she should have observed it, was likewise for the jury. *Crocker* v. *WTAR Radio Corp.*, 194 Va. 572, 575, 74 S. E. 2d 51, 53.

The jury having resolved in favor of the plaintiff these issues under proper instructions, the lower court should have entered judgment on the verdict. Accordingly, the judgment is reversed, the verdict reinstated, and final judgment in favor of the plaintiff entered thereon.

*Reversed and final judgment.*