**Lydia S. NUCKOLES, Plaintiff,**

v.

**F. W. WOOLWORTH COMPANY,
Defendant.**

**No. 64-C-23-H.**

United States District Court
W. D. Virginia,
Harrisonburg Division.

Dec. 10, 1965.

Philip Lee Lotz, Cochran, Lotz & Black, Staunton, Va., for plaintiff.

W. B. Timberlake, Jr., Timberlake, Smith & Thomas, Staunton, Va., for defendant.

MICHIE, District Judge.

This case arose as a result of an injury sustained by the plaintiff, Lydia Nuckoles, a citizen of Staunton, Virginia, when she stepped into a small gray box which had been placed on the floor of the defendant Woolworth Company's Staunton, Virginia, store by one of its clerks. The case was initially brought in the Circuit Court for the City of Staunton but was removed to this court by the defendant pursuant to 28 U.S.C. § 1441, the defendant being a New York corporation with its principal place of business located outside of Virginia.

The facts in this case can be rather easily set forth. At about 10:30 a. m. on July 21, 1962 the plaintiff and her daughter, Mrs. Echard, entered the defendant's Central Avenue store in Staunton. They proceeded to that area of the store where ladies' undergarments were sold since the plaintiff wanted to inquire whether the store carried a certain brand. As she walked down the aisle in question,

Mrs. Nuckoles viewed some of the counter merchandise and then, noticing a sales clerk, Marjorie Lyle, at the far end of the aisle, she proceeded towards her to inquire about the underwear. Mrs. Nuckoles testified that when she was about three feet from the clerk at the end of the aisle she "stepped in this box and as I went in it, I went over in the ribbon and lace counter. * * *" She further testified that the clerk was not looking at her and did not notice what had happened until the plaintiff and her daughter were trying to get her foot out of the box. At that time the clerk came over and said she was sorry that this happened and it was her fault and apologized.

After Mrs. Nuckoles had extracted her foot from the box she left the store with the assistance of her daughter, hailed a taxi and went home. She later complained of soreness and swelling and, upon seeing a doctor, was told that the ankle was sprained and had aggravated a previous injury to the same ankle. The plaintiff proved actual expenses totalling $183.30.

After joining issue, the defendant Woolworth moved for summary judgment under Rule 56 supported by the plaintiff's deposition on the ground that the plaintiff was contributorily negligent as a matter of law and in addition had conceded her case away by deposing that she "imagined" she would have seen the box had she looked down. In an unpublished opinion I denied the motion and concluded as to the question of contributory negligence that there was before me no evidence of the physical condition of the aisle and adjoining areas from which such finding as a matter of law could be reached. There remained a genuine issue of material fact as to whether the box complained of was open and obvious. The case came on for trial and resulted in a jury verdict for the plaintiff in the sum of $3,000.

■ The question before me now arises on defendant's motion, pursuant to Rule 50(b), to set aside the verdict as contrary to both the law and the evidence and enter judgment for the defendant. In pursuing this motion, defendant's sole contention is that, in light of all the evidence, the plaintiff, Mrs. Nuckoles, was contributorily negligent as a matter of law and therefore barred under Virginia law from recovery. With this contention I agree and accordingly the verdict will be set aside and final judgment entered for the defendant. In doing so, I am fully aware of the respect to be accorded a jury's verdict and, in reaching my conclusion, I have viewed the evidence and resolved all conflicts and drawn all legitimate inferences in a light most favorable to the plaintiff. Burcham v. J. P. Stevens & Co., 209 F.2d 35 (4th Cir. 1954). Even so, I must conclude that, as a matter of law, Mrs. Nuckoles was contributorily negligent in failing to observe and guard against the box into which she stepped.

■ The Virginia Supreme Court of Appeals summarized the Virginia rule as to negligence of a storekeeper and contributory negligence of an invitee in Gottlieb v. Andrus, 200 Va. 114, 117, 104 S.E.2d 743, 746 (1958):

The plaintiff was an invitee and the defendant owed to her the duty of using ordinary care and to have his premises reasonably safe for her visit. In the exercise of ordinary care the defendant was required to warn the plaintiff of latent dangers which were or should have been known to him and which were unknown to the plaintiff. But no notice or warning was required if the alleged dangerous condition was open and obvious to a person exercising reasonable care for his own safety. (Citations omitted.)

Without knowledge or warning of danger, an invitee may assume that the premises are reasonably safe for his visit. He is not required to be on the lookout for dangers not open and obvious; "'but notice is not required where the dangerous condition is *open and obvious to a person who is exercising reasonable care for his own safety.* * * *'"

**166**

(Citation omitted.) (Emphasis added.)

■ As far as I am able to ascertain, this is the law in Virginia today and, though it may seem somewhat stringent against the invitee, it is the law which I must follow in this case. Therefore, in ruling on the present motion to set aside the verdict, it becomes my task to determine whether under this Virginia law the plaintiff's conduct amounted to contributory negligence as a matter of law and therefore barred her recovery. For there to be contributory negligence as a matter of law, the danger complained of must have been *open and obvious* to a person exercising reasonable care for her own safety. Ibid. In viewing the evidence, the following standard must be applied:

> Unless the evidence is without conflict, or unless fair-minded men cannot differ on the inferences to be drawn from it, the questions as to whether the owner of the premises has exercised the required care towards his invitee, and whether the latter has been guilty of contributory negligence, are matters for the jury.

Knight v. Moore, 179 Va. 139, 146, 18 S.E.2d 266, 270 (1942).

At the trial Mrs. Nuckoles testified that she had been in the store before and that on the occasion of her injury the store was well lighted. She further testified that the box into which she stepped was of a gray color and the floor also was of a gray color. It appears from her testimony that the box sat out in the aisle rather than being up against the counter. On cross-examination, she stated that she had looked where she was going as she walked down the aisle but did not notice the box. When she came within a few feet of the store clerk who was located at the far end of the aisle she fixed her eyes on the clerk and did not again look down at the floor. At the time of the accident, the plaintiff was accompanied by her daughter. However, the latter was walking to the side and behind her and not blocking her view.

Her daughter testified that there were no other persons or objects in the aisle to obstruct her mother's view excepting, of course, the box in question. Both mother and daughter testified that it was a small, gray box, the same color as the floor, though the mother, during discovery proceedings, had described it in a manner from which it would reasonably be inferred that the box was fairly large. Just before the accident a clerk had been removing some yarn from the box on the floor and placing it on the shelves and this clerk had been momentarily called away and had left the box on the floor. The floor was composed of a number of gray squares having interspersed throughout it some green squares so as to form a pattern which would be more pleasing to the eye.

■ Viewing the evidence in a light most favorable to the plaintiff's verdict, it appears without conflict that the aisleway was well lighted and clear except for the box in question. Furthermore, there was nothing blocking Mrs. Nuckoles' view as she walked down the aisle. In that sense of the word, the box must be said to have been open to view from the time she entered the aisle. She states that she observed the aisle in front of her as she walked and in addition also scanned some of the merchandise along the counters. She further testified that when she got within a few feet of the clerk she fixed her eyes on the clerk, whose back was to her, and walked straight towards her without bothering to glance down to see if the aisle was clear beneath her feet. Such action, I find, falls within the rationale of the Virginia decisions holding that there is contributory negligence as a matter of law.

An analysis of these cases has led me to conclude that the decisive factor is a determination by the court of whether plaintiff's conduct, in light of the facts, amounted, in effect, to her walking forward with her eyes closed. This determination was made in Gottlieb v. Andrus, supra, where the isleway was cluttered with boxes and store personnel

and the plaintiff, in order to reach the place where she was injured, had to pass through this maze of objects. The court found, as a matter of law, that the boxes over which the plaintiff fell were apparent.

> Not only were the boxes there in plain view but in front of her also were the two employees of the store removing smaller boxes of cereal from these boxes on the floor and putting them on the cereal shelves on the plaintiff's side of the aisle, and she walked between these two men to reach for the box of cereal she wanted.

Id. at 118, 104 S.E.2d at 747.

In Gall v. Great Atlantic & Pacific Tea Company, 202 Va. 835, 120 S.E.2d 378 (1961), the jury found the plaintiff to have been contributorily negligent. In affirming the judgment entered on the verdict below, the court stated:

> While it is true that the plaintiff was not required to look constantly at the floor, she was not relieved of the duty to exercise ordinary care for her own safety and she cannot walk blindly into a dangerous condition which is open and obvious to a person in the exercise of ordinary care and then claim to be blameless.

Id. at 837, 120 S.E.2d at 380.

The same analysis was used in Snyder v. Ginn, 202 Va. 8, 116 S.E.2d 31 (1960), where the plaintiff walked into a plate glass panel at the entrance to defendant's store. In setting aside the jury verdict for the plaintiff, the court found from an examination of a picture of the doorway that the "situation and condition of the inside doors were completely open and obvious to any person who was looking in their direction."

> On the other hand, the evidence shows, without conflict, that the injury sustained by Mrs. Ginn was due to her own thoughtlessness or lack of care. The conditions around the doorways were open and obvious, and Mrs. Ginn would not have suffered the injury sustained by her

had she exercised ordinary care in looking ahead as she started to walk from the store. Consequently, she was the author of her own misfortune.

Id. at 11, 116 S.E.2d at 33.

In Great Atlantic and Pacific Tea Company v. Rosenberger, 203 Va. 378, 124 S.E.2d 26 (1962), the plaintiff slipped in a large pool of blue colored starch spilled on the defendant's floor. The court found that the evidence clearly showed the danger to be open and obvious and the reason the plaintiff didn't see it was because she was looking behind herself for her child.

> But the evidence is without conflict that the reason the plaintiff did not see the starch, or the guard directing the child around it, was because she was carelessly inattentive to her own safety, not because of something which the defendant failed to do.

Id. at 381, 124 S.E.2d at 28.

On the other hand, in Shiflett v. Timberlake, Inc., 205 Va. 406, 137 S.E.2d 908 (1964), applying the same standards, the Virginia court reinstated the jury's verdict for the plaintiff, holding that the issue of her contributory negligence was one of fact for the jury. In doing so, the court concluded that the puddle of water on the floor was not an open and obvious danger which the plaintiff should have observed. I find this case clearly distinguishable on its facts for I think it safe to say that a puddle of water on a floor is not obvious absent proper light reflection from it. In the instant case we have a three dimensional object of some given height—plaintiff estimated four to six inches in her deposition.

It is interesting to note the remarks of the Virginia court on this point in Crocker v. WTAR Radio Corporation, 194 Va. 572, 74 S.E.2d 51 (1953), where the court held that the plaintiff was not contributorily negligent as a matter of law in failing to observe the four to six-inch step down connecting a split level stage where there was an illusion of continuity

created by strong lights beaming down on the highly polished oak stage floor.

In the case before us the evidence on behalf of the plaintiff would at least warrant the inference that because of the nature of the floor— the fact that both levels were of highly polished oak, had the same appearance, and were "perfectly matched"—the difference in the levels was not readily ascertainable by one exercising ordinary care. It is a matter of common knowledge that a difference in floor level is not so easily observed by one about to step down as it is by one about to step up. Moreover, the illusion of a single level floor may well have been accentuated by the bright overhead lights which shone on the highly polished surfaces. Thus, while the situation was "open" to the plaintiff, in the sense that there was no obstruction between her and the step, it was not necessarily "obvious" to her.

Id. at 575, 74 S.E.2d at 53.

While I feel that the evidence clearly shows that the defendant was negligent in allowing the box to remain in the aisleway, I am forced to conclude from the evidence that the box Mrs. Nuckoles described in her testimony would have been open, obvious and patent to a reasonable person exercising ordinary care for her own safety. Unfortunately, Mrs. Nuckoles was carelessly inattentive of her own safety and, while undoubtedly she suffered a painful injury, she cannot be heard to complain of it under the circumstances. I feel that this case can best be summarized by the following quotation from the Virginia court:

> She could not, in the exercise of ordinary care, close her eyes, which was the equivalent of what she said she did, and walk down this aisle without regard to open and obvious articles in it which would have been apparent to her had she looked even casually on entering the aisle or at any time before she fell.

Gottlieb v. Andrus, supra, 200 Va. at 118, 104 S.E.2d at 747.

Accordingly, the jury's verdict in favor of Mrs. Nuckoles is set aside and judgment will be entered for the defendant Woolworth Company.