## CIRCUIT COURT OF THE CITY OF NORFOLK

Sheila J. Worley

v.

Lake Wright, L.L.C.,
d/b/a/ Quality Inn
Lake Wright Resort
and Convention Center

July 11, 2002

Case No. (Law) CL01-1384

BY JUDGE JOSEPH A. LEAFE

The instant matter came before this Court during a June 18, 2002, hearing on Defendant Lake Wright's Motion to Strike the Evidence and Plaintiff Shelia J. Worley's Motion to Set Aside the Jury Verdict which was in the exact amount of medical specials, and order a new trial on damages only. The Court will first address the Motion to Strike.

In a negligence case, the burden of proving a defendant's negligence is on the plaintiff and whether this burden is met is usually a question for the jury. *Colonial Stores v. Pulley*, 203 Va. 535, 537 (1962). However, the findings of a jury cannot stand unless they are supported by evidence "which constitutes proof that the defendant breached some duty which it owed the plaintiff, and caused, by such breach her unfortunate injury." *Id.* (citing *Murphy v. Saunders*, Inc., 202 Va. 913, 917, 121 S.E.2d 375 (1961); *W. T. Grant Co. v. Webb*, 166 Va. 299, 302, 184 S.E. 465 (1936)).

A defendant owes a plaintiff, as an invitee upon its premises, the duty to exercise ordinary care, "have the premises in a reasonably safe condition for her visit; to remove within a reasonable time, foreign objects from its floors which it may have placed there or which it knew, or should have known, that others had placed there; to warn the plaintiff of the unsafe condition if it was

unknown to her, but was, or should have been, known to the defendant." *Id.* (citing *Tea Co. v. Rosenberger*, 203 Va. 378, 124 S.E.2d 26 (1962); *Gall v. Tea Co.*, 202 Va. 835, 837, 120 S.E.2d 378 (1961); *Gottlieb v. Andrus*, 200 Va. 114, 117, 104 S.E.2d 743 (1958); *Knight v. Moore*, 179 Va. 139, 145-46, 18 S.E.2d 266 (1942); 42 A.L.R. 2d 1103, 1004).

Thus, unless a plaintiff provides evidence showing that a defendant breached this duty, there can be no finding of negligence.

In the instant case, there is no evidence in the record establishing that defendant knew or should have known that a "spill" was on the dance floor. The testimony provided failed to establish that defendant knew or should have known a spill existed and failed to show that a spill had been on the floor long enough that Defendant should have been aware of its existence.

Plaintiff's witness, Glenn Hopkins, testified that she informed a member of the Defendant's waitstaff that the children in attendance at the wedding were making a "mess" by blowing bubbles while playing on the dance floor. However, Hopkins admittedly failed to further clarify to the waitstaff that the dance floor had, in her opinion, become slick. Thus, contrary to Plaintiff's position this was not enough to place Defendant on notice.

Furthermore, Hopkins acknowledges that after she made this comment, the lady employee stated that "she didn't feel that she was there to baby children" and acknowledged that "I guess that's the way she took my comment." This statement alone shows that Defendant, without specifics, could not have been placed on notice of a hazard on the dance floor simply from Hopkins' elusive passing comments.

In addition, assuming that Plaintiff's fall was caused by a bubble spill, in order to sustain the contentions that Defendant knew or should have known of the spill and failed to warn Plaintiff or remove the hazard, Plaintiff had to prove that the alleged spill was present on the floor for a sufficient length of time for Defendant to know it was there and still fail to remove it.

However, the testimony presented does not establish this necessary link. The simple fact of a substantial lapse of time between the children making a "mess" on the dance floor and Plaintiff's fall makes the jury's finding of negligence purely speculative and conjecture. It is entirely possible that the spill occurred just moments before Plaintiff fell and it is just as probable that it occurred while the children were playing. *See, Tea Co. v. Berry*, 203 Va. 913 (1962). Consequently, the evidence fails to prove when the spill occurred and that Defendant knew or should have known of the spill and failed to warn or remove it.

Accordingly, Defendant's Motion to strike is hereby sustained and Plaintiff's Motion to Set Aside the Jury Verdict and Order a New Trial on damages is overruled.