**ZERBE, Plaintiff-Appellee v SPRINGFIELD (City), Defendant-Appellant.**

Ohio Appeals, 2nd District, Clark County.

No. 438.  Decided February 2, 1943.

488

Martin & Corry, Springfield, for plaintiff-appellee.

Abe Garuner. Springfield; McGrew & Laybourne, Springfield, for defendant-appellant.

## OPINION

By GEIGER, P. J.

The city of Springfield, defendant-appellant, owns and operates. a public market. The plaintiff-appellee alleged in her petition that on the 1st day of June, 1940, she and her daughter and her daughter's father-in-law entered said market and while proceeding along the south aisle in an easterly direction, the plaintiff stepped on some substance which caused her to fall violently to the tile floor of the market, resulting in injuries of which she complained.

Immediately adjacent to the point where she fell there was a. fruit stand at which various fruits, including bananas, were exposed to sale.

The city answered admitting the formal allegations but generally denying the allegations as to the accident and the injury resulting therefrom, for lack of knowledge.

The issues of fact are simple. The plaintiff claims that while in the market as an invitee she stepped upon a banana peeling that. was on the floor; slipped and fell, causing the injuries complained of. The city denies that there was any banana peeling or any other foreign substance on the floor at the point in question, and produces evidence that a boy ran swiftly eastward along the south aisle of the market and came violently in contact with the daughter of the

plaintiff and that the plaintiff immediately fell to the floor. The claim of the city is, of course, that the fall was caused by the collision of the boy, about twelve years of age, with the plaintiff. As corroborating this claim, evidence is introduced by the city to the effect that after the plaintiff had fallen her daughter asked her audibly where the boy had gone, upon which the plaintiff cautioned the daughter to be quiet, and nothing further was repeated in reference to the presence of the boy.

The city filed seven assignments of error,—(1) and (2) relating to the weight of the evidence; (3) alleged error in admitting evidence offered by the plaintiff and objected to by the defendant; (4) and (5) in the failure of the court to sustain the motion of the defendant interposed at the conclusion of the plaintiff's testimony and at the end of all the testimony.

Error is also asserted in the general charge of the court, and there is a general allegation of other errors.

The defendant-appellant lays paticular stress upon the third assignment of error, to-wit, that the court erred in admitting evidence offered by the plaintiff and objected to by the defendant, and the defendant sets forth in its brief the evidence complained of— "Could you estimate how long this banana peeling had been on the floor? A. Well, from the condition of it, it must have been there quite a while because it was no new peeling." The question was objected to and a motion was made to strike. The court overruled the objection and refused to strike, all of which is alleged as error.

Connecting this ruling of the court, the plaintiff-appellee testified in substance that when she had slipped and fallen to the floor she saw under her foot a portion of a banana peeling which she took into her hands and described it essentially as being dark in color and thin, and containing grit from the floor as though the same had been tramped upon. She showed it to her daughter and then apparently dropped it to the floor. Her daughter testified that after her mother had been taken to the automobile belonging to her father-in-law. she returned to the point where her mother fell and made search for the banana peeling for fear that someone else might step upon it and be injured,—but she could not find it.

The complaint is that there was prejudicial error in permitting the plaintiff to give her opinion that the peeling had been on the floor for "quite a while", basing that opinion upon its general appearance which she described.

The following appears on p. 118 of the record: "It is agreed by counsel for Plaintiff and Defendant, that no charge need be given by the Court in its general charge, on the subject of expert testimony."

It does not appear to us that the evidence of the plaintiff was that of an expert. She simply made a statement of the condition of the banana peeling as she saw it and stated that from such appearance she thought it had been on the floor for some time.

The question which counsel discuss in reference to the length of time the banana peeling may have been on the floor is based upon the argument that the city would not be responsible unless it knew of the presence of the dangerous substance, or should have known on account of the length of time during which the offending article was on the floor of the market.

The court before giving his general charge stated to the jury as a special charge—"I charge you that in order for plaintiff to maintain her action for her alleged injury caused by a fall on a banana peel in the defendant's Market House, she must prove by a preponderance of the evidence that the presence of such banana peel in the place where she fell was known to the defendant, or that the banana peel, if there was a banana peel there, had remained on the floor for such a length of time that notice of its presence in the exercise of ordinary care on the part of the defendant might be presumed."

The argument is made by appellee that it is the duty of the defendant to keep the passageway free from dangerous articles which might cause the injury to an invitee, and that if the dangerous article does appear on the floor and that injury results from same, it is of no consequence how long it may have remained there. We are not in agreement with this argument.

The court in its general charge again alludes to the necessity of plaintiff proving by a preponderance of the evidence either that the city had knowledge or should have had knowledge of the presence of the banana peel, and charged as follows: "You will observe that knowledge on the part of the city may be found by express notice to some person connected with the department which has charge of the maintenance and repair of such place, or from implied or constructive notice which may be found when the dangerous and unsafe condition has existed for such a length of time that it will be presumed the city had knowledge of such condition."

We have carefully read the bill of exceptions in this case and are frank to state that the jury would have been amply justified in finding from the evidence that the injury to the plaintiff did not occur in the manner testified by her in relation to the alleged banana peel. A number of city employees and the owners of adjacent stands near the point where the accident occurred testified distinctly that there was no obstruction in the path of the plaintiff, before she fell, and further that there was no evidence of any such banana peel on the floor after the time of the accident.

It might well be, from the evidence, that the woman was thrown by being jostled by the boy running between her and the stand, endeavoring to pass her or her daughter in a narrow space.

Coming now to the vital and the determinative question, we hold that notice, either actual or constructive on the part of the defendant is requisite to plaintiff's recovery.

We find nothing in the record supporting constructive notice unless it be the testimony of the plaintiff and her daughter. Considering the record in its most favorable light, the evidence of these two witnesses would support the claim that she slipped on a banana peel. It is a matter of common knowledge that a banana peel is slippery and dangerous and its presence on the floor where the public were accustomed to walk, for a sufficient length of time to constitute constructive notice to the defendant, would be negligence. Both plaintiff and her daughter testified that the banana skin was black and therefore old and it was flattened out as though somebody had stepped on it and had the grime of the floor embedded in it. Each witness volunteered the answer, which was objected to, that by reason of the above facts, it had been on the floor for a long time.

The predicate for the witnesses' testimony as to the time that the banana peel had been on the floor could not possibly support their conclusion. Again it is a matter of common knowledge that bananas are frequently black before they are pulled off of the bunch. The further fact that this peel was flattened out and had the grime of the floor embedded in it would not be evidential as to the time that the same had been on the floor. It is inferable that plaintiff, having stepped on the peel and slipped, might have flattened out the peel and also caused the grime of the floor to adhere thereto. Even if we should indulge the presumption that somebody else stepped on it before, there still remains the query as to how long before.

It is our conclusion that there is an absolute absence of evidence supporting the claim that the banana peel was on the floor a sufficient length of time to constitute constructive notice to the defendant. Our court had the same principle under discussion in the case of **The Kroger Grocery & Baking Company, plaintiff-in-error, v Rhoda Helen McCune, defendant-in-error**, Franklin County, 46 Oh Ap, 291.

It is our judgment that the trial court was in error in not sustaining defendant's motion for judgment, made at varoius stages of the trial, and finally renewed as a motion for judgment notwithstanding the verdict after the close of the trial.

Coming now to enter the judgment which the trial court should have entered, plaintiff's petition will be dismissed and judgment entered for defendant.

Costs are adjudged against the plaintiff-appellee. Cause remanded for collection of costs and other proceedings according to law.

BARNES and HORNBECK, JJ., concur.