# Richmond

SAFEWAY STORES, INCORPORATED v. DORIS TOLSON.

October 9, 1961.

Record No. 5287.

Present, Eggleston, C. J., and Buchanan, Whittle, Snead, and I'Anson, JJ.

*James Ashby, Jr.* (*Goolrick, Ashby & Whitticar*, on brief), for the plaintiff in error.

*Frank D. Swart* (*Leigh, Kincheloe & Swart*, on brief), for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

This involves an action for personal injuries received by Mrs. Tolson as the result of a fall on Wednesday, February 5, 1958, while shopping in the Safeway Stores self-service market in the town of Manassas. The case was tried before a jury and a verdict of $10,000 was returned in favor of Mrs. Tolson. Judgment was entered thereon over the objection of Safeway Stores.

The assignments of error charge (1) that the court erred in denying the motion of Safeway to strike the plaintiff's evidence at the conclusion of her evidence and at the conclusion of all the evidence; (2) that the court erred in granting any instructions for the plaintiff; and (3) that the court erred in denying the motion of defendant to set aside the verdict and enter judgment for the defendant.

The crucial question is: Did Mrs. Tolson sustain the burden of proving negligence on the part of Safeway Stores?

Plaintiff's allegation of negligence in her motion for judgment is "the defendant did negligently permit a foreign substance to be on the floor of said store in the aisle thereof where plaintiff was walking, which said foreign substance made said floor slippery and dangerous for the public to use, and which said foreign substance and the danger therefrom was not readily noticeable by a careful and prudent person in the normal use of said premises for the selection and purchasing of groceries. The identity of said foreign substance is unknown to plaintiff but it was in the nature of sawdust or sand. * * * (A)s a result of said foreign substance being on the floor of said premises, the plaintiff did slip and fall to the floor."

The defendant, in its answer, denied any negligence on its part.

The evidence, stated in the light most favorable to Mrs. Tolson, is that she, accompanied by her teenage daughter, shopped throughout the defendant's store and proceeded to the check-out counter. As she was in the process of checking out she decided to exchange some preserves. Leaving her daughter at the check-out stand, she proceeded toward the preserves counter, and on her way she slipped and fell, sustaining the injuries complained of. The produce manager assisted her to her feet; whereupon she and the store manager examined the floor and she discovered what she termed "particles of sawdust". The store manager rubbed his foot across the floor and said the substance felt to him like sand or grit and that "it was no more than normal during a traffic period." Mrs. Tolson testified that she could not observe the substance from a standing position but noticed it after she had fallen to the floor.

Mrs. Tolson was wearing a pair of new "loafers" with leather heels and leather soles. She judged she had had them about four weeks at the time of the fall.

The uncontradicted evidence of the defendant regarding cleaning procedures in effect at the store was that the floors were mopped each Saturday night and waxed with a non-slip wax; that the floors

were swept two or three times a day as it became necessary; that no sawdust or sweeping compound was used, and there was no substance on the floor in the area in which plaintiff fell which had been placed there for the purpose of cleaning the floors.

Floyd Cornwall, the produce manager who assisted Mrs. Tolson after her fall, examined the floor at the time and found it normally clean and free of any foreign substance or anything that he could observe that might have been hazardous.

Mrs. Tolson was asked by her counsel: "Did that substance cause you to slip?", to which she answered, "I believe it did."

There was no proof that the store management had placed any sawdust or any other substance on the floor, and Mrs. Tolson, testifying in her own behalf, stated that she did not see the substance from a standing position but only after she had fallen and was sitting on the floor.

The basis of this suit is negligence, and the burden of proving negligence was on the plaintiff. The duty owed the plaintiff by the defendant was one of reasonable care; it was not an insurer of the plaintiff's safety.

The negligence alleged is that "the defendant did negligently permit a foreign substance to be on the floor of said store." It is nowhere shown that the alleged foreign substance was placed there by the store management. In fact, it is shown, without contradiction, that it was not. Furthermore, there is no evidence as to any period of time over which the defendant or its agents or servants actually had knowledge of the presence of the alleged foreign substance or that they should, in the exercise of reasonable care, have had such knowledge.

At the instance of the plaintiff the trial court instructed the jury that it was the duty of the store manager to use reasonable care to maintain the premises in a safe condition. Again, at the instance of the plaintiff, the jury was instructed that if the jury believed from the evidence "that the floor of the defendant's store was slippery and dangerous or unsafe, and that the defendant knew, or in the exercise of reasonable care should have known that fact, and failed to correct such condition within a reasonable time thereafter, and that the condition of the floor was the sole proximate cause of plaintiff's injury, then they should find for the plaintiff."

The instructions were objected to by the defendant on the ground that there was no evidence upon which to base them.

Under the evidence in the case the instructions invited the jury to

enter into the realm of speculation and conjecture. There was no evidence upon which to base the instructions. There was no showing "that the defendant knew or in the exercise of reasonable care should have known" that there was any substance on the floor which might cause the plaintiff to fall. The plaintiff herself testified that she could see no such substance until after she had fallen and was sitting on the floor. Furthermore, she does not say that the alleged substance caused her to fall. Her statement was "I believe it did."

Where the evidence shows that any one of several things may have caused the injury, for some of which the defendant is responsible and for some of which it is not, and leaves the real issue to speculation and conjecture, then the plaintiff has failed to establish a case. *C. & O. Ry. Co.* v. *Seay*, 195 Va. 566, 572, 79 S. E. 2d 631, 634; *Williamsburg Shop* v. *Weeks*, 201 Va. 244, 248, 110 S. E. 2d 189, 192.

As said in *H. L. Green Co.* v. *Bowen*, 223 F. 2d 523 (4th CCA):

"It is well settled * * * that a proprietor of a store is not an insurer of the safety of his customer; and is, therefore, not liable to a customer for injuries caused by some defect or unsafe condition in the premises in the absence of any evidence tending to show that the proprietor or his servants or agents knew, or should have known by the exercise of reasonable diligence, of the defect or unsafe condition. [Citing cases]

"There is not a shred of evidence in the record that Green, or any of its employees, servants or agents, had any *actual knowledge* of the presence of the popcorn on the floor. In this case, Bowen can recover only upon a showing that the popcorn had been on the floor long enough to charge Green with *constructive notice* of its presence."

No actionable negligence has been proved by Mrs. Tolson against Safeway Stores, Incorporated. *W. T. Grant Co.* v. *Webb*, 166 Va. 299, 184 S. E. 465; *McGuire* v. *Valley Arena, Inc.*, 299 Mass. 351, 12 N. E. 2d 808; *Norton* v. *Hudner*, 213 Mass. 257, 100 N. E. 546; *J. C. Penny Co.* v. *Robison*, 128 Ohio St. 626, 193 N. E. 401. See also Anno. 162 A.L.R. 955, 979.

The verdict being without evidence to support it should have been set aside by the trial court and final judgment entered for the defendant. An order to that effect will be entered here.

*Reversed and final judgment.*