## Richmond

## THE GREAT ATLANTIC AND PACIFIC TEA COMPANY, INC. v. EVA BERRY.

December 3, 1962.

Record No. 5462.

Present, All the Justices.

*John S. Battle, Jr.* (*Battle, Neal, Harris, Minor & Williams*, on brief), for the plaintiff in error.

*Jacob H. Lavenstein* (*Victor W. Lavenstein; Lavenstein & Lavenstein*, on brief), for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

This appeal involves an action for personal injuries received by Mrs. Berry as the result of a fall allegedly caused by stepping on a foreign substance while shopping in a self-service market operated by the A&P Company in Petersburg. The case was tried before a jury and a verdict of $7,500 was rendered in favor of Mrs. Berry. Judgment was entered on the verdict over the objection of the company.

While there are several assignments of error, the crucial questions here presented are: Did Mrs. Berry sustain the burden of proof in showing that the company (a) knew that there was a dangerous foreign substance on the floor of the store; or (b) should have known, in the exercise of ordinary care that said substance was there? In other words, did Mrs. Berry sustain the burden of proving negligence on the part of the company.

The facts relating to the alleged negligence were developed from the testimony of Mrs. Berry, her husband, and the defendant's store manager, Vaiden, who was called as an adverse witness by the plaintiff.

The evidence, stated in the light most favorable to the plaintiff, shows that Mrs. Berry, accompanied by her husband, went to the store to buy groceries, and after picking up several articles they proceeded to a point where sugar was displayed. In that area the merchandise was arranged vertically on shelves, and the sugar was on a shelf about "head high." The bottom shelf was a short distance above the floor, with a vacant space between it and the floor.

. Mrs. Berry says that she moved close to the front edge of the shelves, placing her right foot 3 or 4 inches under the bottom shelf as she reached for the sugar with her right hand; when she turned to move away she slipped and fell to her knee and then over backwards. She said that she then saw a dark object about an inch and a half long which her foot had "evidently" pulled out from under the bottom shelf, because, as she said, she also noticed a "skid mark" where she had stepped on the object. She identified this object as a piece of celery, and said that she showed it to the store manager and that he kicked it back under the shelf. The store manager denied this.

The explanation given by Mrs. Berry for her fall was that when she was standing close to the shelves, reaching for the sugar, with her right foot under the bottom shelf, she put her weight on her right foot to turn to her right in order to leave, and her foot slipped on the small piece of celery, skidding it in a direction from underneath

the bottom shelf out into the aisle, a distance of 5 or 6 inches. She also stated that in this area under the bottom shelf there were some crumpled pieces of paper and one or two cigarette butts.

Mrs. Berry's husband testified that he was close to his wife at the time of her fall. He described the piece of celery as the plaintiff did, that is, as being about one and a half inches in length and dark in color, and said it had left a skid mark from 6 to 9 inches long, running from underneath the bottom shelf out into the aisle. He was questioned concerning other debris under the shelf and stated there were "pieces of paper and cigarette butt or two, small trash-like."

The testimony of the husband and wife was the same with the exception that Mrs. Berry stated that she was turning to her right to leave the counter when she fell, whereas Mr. Berry, going into detail as to what happened, stated that she was turning to her left. Mrs. Berry said they were intending to proceed to the back of the store and her husband said they were intending to proceed to the front.

The store manager stated that the floors were swept clean every evening after closing and every morning early as a matter of routine, and that they were swept at other times when he thought it necessary. He recalled that the floor had been swept on the Monday morning prior to Mrs. Berry's fall which occurred about noon on that day.

It is clear from the evidence of both Mr. and Mrs. Berry that the piece of celery was located on the floor underneath the shelf a distance of 3 or 4 inches, and outside of the aisle where customers usually walk. There is no testimony that the bit of celery could be seen by anyone examining the floor from an upright position.

The final order in the case was entered on August 10, 1961, before our decision in *Safeway Stores, Inc. v. Tolson*, (decided October 9, 1961), 203 Va. 13, 121 S. E. 2d 751.

The allegation in the motion for judgment alleges the negligence of the defendant to be that "* * * plaintiff was severely injured while shopping in defendant's store * * * when she slipped on some substance which had been negligently allowed to remain on the floor."

It is conceded that the defendant was not an insurer of the safety of the plaintiff. The defendant only owed the plaintiff the duty of reasonable care. It is fundamental that in order for the plaintiff to recover, the burden was on her to prove that the defendant was negligent and that such negligence was the proximate cause of her injury.

In cases dealing with injuries received from falls caused by a foreign substance on the floor of a store where the public is invited to step, courts have consistently held that before recovery can be had

it must be shown that the substance constituted a hazard and that the defendant knew or in the exercise of reasonable care should have known it was there. *White* v. *Sears, Roebuck and Co.* (4th Circuit), 242 F. 2d 821; *Safeway Stores, Inc.* v. *Tolson, supra.*

█ The defendant in this case is not in a position to contend that the piece of celery did not constitute a hazard because we must accept plaintiff's statement that this was what caused her to fall. Defendant contends, however, that there has been no showing that it either knew or in the exercise of reasonable care should have known that the piece of celery was under the shelf.

It is not contended that the defendant, through its employees, actually knew that the celery was under the shelf, therefore actual knowledge by the defendant is not here involved. The only issue in controversy is whether the defendant in the exercise of reasonable care should have known the celery was on the floor under the shelf.

In support of her contention that the defendant in the exercise of reasonable care should have known that the piece of celery was on the floor where it could cause her to fall, plaintiff apparently relies upon two portions of the evidence: (1) That the bit of celery was dark in color, indicating that it had been on the floor for a period of time; and (2) that there were pieces of paper and one or two cigarette butts in the same general area under the shelf, indicating that it had all been carelessly swept there by an employee of the defendant.

In order to sustain these contentions within the circumference of this case, the burden was on the plaintiff to prove (a) that an employee of the defendant carelessly swept the celery under the shelf, or (b) that the celery had been on the floor a sufficient length of time for defendant to know it was there.

To hold for the plaintiff on either basis would require pure speculation and conjecture. The plaintiff crushing the celery under her foot as she said she did, clearly could have caused its discoloration; and it is just as likely that the bit of celery was dropped by a customer as by an employee of the store. It is also just as likely that it was kicked under the shelf by a customer walking in the aisle as by the sweeping of an employee; and it is just as probable that it had been there for a short period of time as for a lengthy period.

In some jurisdictions the courts permit juries to speculate upon how long a foreign substance had been on the floor or how it got there. Such decisions are in the minority. In these minority decisions a description of the substance such as "withered," "old looking,"

"dirty," or "grimy," has been held sufficient to allow the jury to infer that the substance had been on the floor a sufficient length of time to require the defendant in the exercise of reasonable care to have known of its presence. See Anno. 61 A.L.R. 2d 28, *et seq.* These decisions represent a liberal expansion of the doctrine of "constructive notice" in the law of negligence. As will be seen from the foregoing annotation, most jurisdictions do not follow this view. We reject it. *Safeway Stores, Inc.* v. *Tolson, supra.*

The instant case is factually in point with *White* v. *Sears, Roebuck and Co., supra,* where it is said:

"It is quite true that it would be difficult for plaintiff in this case to prove how long the oily substance was on this escalator, if there was such a substance. But by the same token, the defendant in this case had no better knowledge of the facts. As stated in the banana peel cases, supra, this oily substance might have been dropped on the escalator by a customer less than a minute before plaintiff stepped on the escalator." 242 F. 2d, at page 825.

In the case before us, the celery could have been dropped by a customer only minutes before the plaintiff stepped on it. To conclude otherwise would be to speculate or guess. *Livingston* v. *Atlantic Coast Line R. Co.* (4th Circuit), 28 F. 2d 563.

The plaintiff cannot be said to have made out a case for the jury when it is necessary for the jury to speculate or guess in order to allow her a recovery.

There are many cases from other jurisdictions holding that the condition of the foreign substance is not sufficient to show that it had been on the floor long enough for the personnel of the store in the exercise of reasonable care to have discovered it. *Edwards* v. *F. W. Woolworth Co.,* 129 Conn. 245, 27 A. 2d 163; *Miscally* v. *Colonial Stores, Inc.,* 68 Ga. App. 729, 23 S. E. 2d 860; *Wyman* v. *McLellan Stores Co.,* 315 Mass. 117, 51 N. E. 2d 969; *Kelleher* v. *Dini's, Inc.,* 331 Mass. 217, 118 N. E. 2d 77; *Zerbe* v. *City of Springfield,* 38 Ohio L. Abs. 487, 60 N. E. 2d 793; *Mona* v. *Erion,* 223 App. Div. 526, 228 N.Y.S. 533.

For the reasons stated the judgment appealed from is reversed and final judgment will be entered here for the defendant.

*Reversed and final judgment.*