# Staunton

MIRACLE MART, INCORPORATED v. LILLIE B. WEBB.

September 11, 1964.

Record No. 5778.

Present, All the Justices.

*Edward R. Slaughter, Jr.* (*Richard L. Williams; Battle, Neal, Harris, Minor & Williams*, on brief), for the plaintiff in error.

*Ivy P. Blue, Jr.* (*Blue & Gordon*, on brief), for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

Mrs. Webb filed a motion for judgment against Miracle Mart, Incorporated, claiming damages for injuries allegedly sustained when she, as a business invitee upon the premises, slipped and fell "on a certain foreign substance or matter which the defendant owner and

operator of the department store negligently permitted to be and remain on the floor". The notice also alleged that defendant negligently failed to warn plaintiff of the condition of the floor "even though the said defendant either knew, or, through reasonable diligence, should have known of the foreign substance".

Defendant filed responsive pleadings denying the allegations of negligence and in turn alleged contributory negligence on the part of the plaintiff.

The case was tried before a jury, resulting in a verdict for plaintiff in the sum of $4,000.00.

Motions to strike the evidence of plaintiff and enter summary judgment for defendant were made at the conclusion of the plaintiff's evidence and again at the conclusion of all the evidence. These motions were overruled and exceptions noted.

Upon the return of the verdict defendant moved that it be set aside on the ground that it was contrary to the law and the evidence and prayed that final judgment be entered in its favor, or, in the alternative, that the verdict be set aside and a new trial granted upon the ground that the jury had been misdirected in the granting and refusing of certain instructions. Plaintiff also moved that the verdict be set aside on the ground that it was inadequate and prayed that a new trial be granted, limited to the question of damages. Both motions were overruled and exceptions duly noted.

Judgment was entered on the verdict and upon petition of defendant we granted a writ of error.

The questions presented by defendant's assignments of error are as follows:

1. Did the plaintiff sustain the burden of proof in showing that defendant
   a. knew that there was a dangerous foreign substance on the floor of its store, or
   b. should have known in the exercise of ordinary care that there was a dangerous foreign substance on the floor?
2. Was the plaintiff contributorily negligent in failing to see the foreign substance on the floor?

The question raised by the plaintiff's cross-error is to the effect that the court erred in not setting aside the jury's verdict as being grossly inadequate and in not ordering a new trial limited to the question of damages only.

The facts stated in a light most favorable to plaintiff would appear as follows:

On June 2, 1961 Mrs. Webb entered defendant's place of business for the purpose of purchasing a certain article of clothing for her two-year-old grandson. This was her first visit to the store. While looking around the store for the article she desired she noticed a "small figure of a child displayed further over in the store". She walked to the end of the counter where the figure was displayed and was looking on the counter for the correct size of the article. Being unable to find the suit in the size desired, she asked Mr. Nichols, assistant manager of the men's and boys' wear department, to assist her. Whereupon Nichols, after being told by the plaintiff what she was looking for, began searching through some of the same articles which plaintiff had just examined. Nichols then said to plaintiff "Step around here". In obedience to this invitation Mrs. Webb proceeded around the counter and started down the aisle, following close behind the manager.

Plaintiff's description of the happening was as follows: "Well, we walked beside of the counter and he was showing me different items that weren't the ones they had on display, I liked so well, but showing me other various styles they had there. I mean, they were nice ones, so forth and so on, and would I be interested in them. And we walked along and I was directly behind him and, all of a sudden both feet went up in the air. I realized I was close to a counter, and I twisted my body this way (demonstrating), and grabbed for the counter and my feet went up in the air."

Plaintiff slipped in what she described as a substance that looked "kind of like coca-cola, being kind of brownish in color". She said the matter was a "fairly good sized splotch of wet substance" which would have extended out and around her foot.

She testified that she was unable to see the foreign matter on the floor because Nichols completely blocked her view, he being directly in front of her. In addition, she said, Nichols was directing her attention to the merchandise on the counters. She added: "I am sure, if he hadn't been in front of me, or if he hadn't been showing the merchandise I was interested in buying I would have seen the foreign substance on the floor".

Nichols testified that he could have seen the foreign substance had he been looking down at the floor. However, he said he was not looking down at the time, but was looking around for the desired merchandise.

The defendant in its brief concedes that the presence of the foreign substance on the floor constituted a hazard, but contends that there

has been no showing that it knew, or, in the exercise of reasonable care, should have known that this matter was on the floor. It also contends that even if the defendant did know, or, in the exercise of reasonable care, should have known of the presence of the matter, such knowledge was not acquired and cannot be said to have been acquired in time for it to warn the plaintiff of its presence.

Finally, the defendant contends that the plaintiff was guilty of contributory negligence, contending that plaintiff's opportunity for discovering the substance was the same as that of the defendant and therefore she should have seen the substance in time to avoid it.

We are here dealing with a case where the plaintiff has secured a jury verdict which verdict bears the approval of the trial judge. Under these circumstances it is our duty to uphold the verdict unless it is plainly wrong or without credible evidence to support it. *Tea Company* v. *Rosenberger*, 203 Va. 378, 124 S.E. 2d 26.

Defendant relies on *Safeway Stores* v. *Tolson*, 203 Va. 13, 121 S.E. 2d 751. A reading of the *Tolson* case will show that the facts in the two cases are not comparable. In the case before us Mrs. Webb had been expressly invited to follow Nichols, the assistant manager of the men's and boys' wear department, down the aisle of the store. Thus defendant, through its assistant manager, deliberately injected itself between Mrs. Webb and a danger which was open and obvious to the assistant manager had he been looking. It is disclosed that Mrs. Webb was led down the aisle of the store while her attention was being diverted and her view of the floor obstructed by the assistant manager onto the danger spot which was capable of being seen only by the assistant manager of the department.

There is no merit in defendant's contention that Mrs. Webb was guilty of contributory negligence. The record shows without contradiction that Mrs. Webb's view of the floor where the substance was located was completely obstructed by Nichols who was walking immediately in front of her, thus making it impossible for her to see the substance on the floor.

We hold that under these circumstances defendant, through its agents, servants and employees, owed Mrs. Webb the duty of ordinary or reasonable care which is the duty owed to all business invitees in cases of this nature. The facts and circumstances surrounding this accident presented a jury question as to the primary negligence of the defendant and were properly left to the determination of the jury.

In so holding we fully adhere to our former ruling in cases of this kind; i.e., that owners or persons in charge of property owe to an

invitee or business visitor the duty of exercising reasonable or ordinary care for his safety and are liable only for injuries resulting from a breach of that duty. Such owners are not insurers of the safety of invitees and in order to impose liability for injury to an invitee the dangerous condition must have been known to the owner or occupant of the establishment, or have existed for such a length of time as to make it defendant's duty in the exercise of ordinary care to have discovered it. *Safeway Stores* v. *Tolson*, 203 Va. 13, 121 S.E. 2d 751, *supra; Colonial Stores* v. *Pulley*, 203 Va. 535, 537, 125 S.E. 2d 188, 190; 65 C.J.S., Negligence, § 45, p. 521, *et seq.;* 38 Am. Jur., Negligence, § 131, p. 791, *et seq.;* 61 A.L.R. (Ann.), p. 6.

In this instance the jury had a right to conclude that had the assistant manager of the department been keeping a proper lookout he could have seen this dangerous substance in time to warn the customer of its presence.

There is no merit in the plaintiff's assignment of cross-error. The jury heard the evidence of doctors as to the extent of plaintiff's injuries. They also heard evidence tending to show that the injuries from which plaintiff was at the time suffering were not all attributable to this accident. Under these circumstances we are not at liberty to disturb the verdict on the ground that it is inadequate.

For the reasons stated the judgment is

*Affirmed.*

EGGLESTON, C. J., dissenting.