**Jessie L. THOMASON, Plaintiff,**

v.

**The GREAT ATLANTIC AND PACIFIC TEA COMPANY, Inc., Defendant.**

**Civ. A. No. 6919–N.**

United States District Court
E. D. Virginia,
Norfolk Division.

Nov. 8, 1968.

Louis B. Fine, Norfolk, Va., for plaintiff.

William T. Prince, Norfolk, Va., for defendant.

## MEMORANDUM ORDER

KELLAM, District Judge.

Plaintiff seeks damages for injuries sustained when she fell in a supermarket of defendant. She alleges that by reason of "its operation as a supermarket, [defendant] impliedly warranted and represented that its premises, appurtenances and aisles were such that its patrons could walk thereon without any injury to anyone and particularly—plaintiff," and that defendant was guilty of negligence in failing to have its premises in a safe condition, and in permitting its fruits to be on the floor. Defendant denied the existence of any warranty, and denied negligence.

Prior to filing this action, plaintiff filed suit in the state court. When the trial court struck out the allegations of any warranty, and limited the right of recovery to negligence, plaintiff took a non-suit.[1] Thereafter she instituted this action.

In the state court proceedings, discovery and de bene esse depositions were taken. By agreement of counsel those depositions are filed herein, and are to be considered by the Court in ruling on defendant's motion for summary judgment.

Plaintiff asserts a right to recover on (1) negligence, and (2) breach of implied warranty. The contention on the issue of implied warranty is set out in the complaint, referred to above, and in the argument by plaintiff's counsel before the state trial court, namely, "the plaintiff relies instead upon evidence showing that the storekeeper by his method of operation has created a dangerous condition which caused the presence on the floor of the grapes in question; that under such circumstances, the plaintiff is not required to introduce further proof."[2]

The depositions filed with the motion for summary judgment establish defendant is the operator of a supermarket in the City of Norfolk, Virginia. On September 21, 1967, plaintiff, while a customer in the supermarket, fell and was injured. After the fall, and while she was still on the floor or being placed on a stretcher, the parties saw a mashed

1. Section 8–220, Code of Virginia, 1950, as amended, permits plaintiff to take a voluntary non-suit up to the moment the jury retires from the bar, or before it is submitted to the court for decision.

2. Transcript of hearing in state court on August 1, 1968, before Judge Gutterman, page 26. See also Memorandum of Law filed by plaintiff's counsel in case at bar, page 1.

grape on the back "of her skirt." Later some portion of the grape was discovered on one of her shoes. No one contends there was more than the one grape on the floor. It was not seen by the plaintiff or anyone prior to the fall. There was no other debris on the floor. The fall took place in front of the frozen food counter, at least twelve feet from the counter where the grapes were on display for sale.

The evidence establishes that the floor is "swept"—"At least twelve, fifteen times a day." All personnel is instructed to pick up any foreign substance seen on the floor. It was the duty of Margaret Headley, in the produce department, to keep the aisle in question clean. She was on duty at the time of the accident, waiting on a customer. She said she had swept the aisle less than an hour before the fall occurred. (Dep. of M. Headley p. 12–22–24, etc. and discovery deposition of M. Headley p. 47–49–50). The store was aware of the fact that fruit, lettuce and cabbage leaves, loose beans, etc., get on the floor and the manager said the clerks "are instructed to be especially careful and watch to keep the floor clear of debris."

■ This is a diversity action, and hence we must look to the law of Virginia to determine the extent of the duty and degree of care which defendant supermarket operator owed the plaintiff invitee.

■ The law in Virginia is well settled. The defendant owed the plaintiff (an invitee) the duty to exercise reasonable care to make the premises safe. Defendant was not an insurer of the safety of the premises. Defendant had the duty to warn of hidden dangers or defects in the premises, but only to the extent that defendant had knowledge or should, in the exercise of reasonable care, have such knowledge. When an invitee is injured because of some foreign substance or object on the floor of the premises, the owner or occupant cannot be held liable unless and until it can be shown that he had actual knowledge of the presence thereof or that in the exercise of reasonable care he should have knowledge of its presence and failed in his duty to remove it. The duty to use reasonable care to maintain the floors in safe condition applies where one not an employee of the operator has caused the foreign substance or object to be upon the floor. Great Atlantic & Pacific Tea Company v. Berry, 203 Va. 913, 128 S.E. 2d 311; Shiflett v. M. Timberlake, Inc., 205 Va. 406, 137 S.E.2d 908; Colonial Stores, Inc. v. Pulley, 203 Va. 535, 125 S.E.2d 188; Great Atlantic & Pacific Tea Co. v. Rosenberger, 203 Va. 378, 124 S.E. 2d 26; Safeway Stores, Inc. v. Tolson, 203 Va. 13, 121 S.E.2d 751; Gall v. Great A & P Tea Co., 202 Va. 835, 120 S.E.2d 378; Gauldin v. Virginia Winn-Dixie, Inc., 370 F.2d 167 (4th Cir. 1967); Register v. Great A & P Tea Co., 235 F.Supp. 847 (D.C.N.C.1964), affirmed 339 F.2d 258; H. L. Green Company v. Bowen, 223 F.2d 523 (4th Cir. 1955).

■ Negligence is not presumed. It must be established by affirmative evidence, and the burden is upon the invitee to prove such negligence by a preponderance of the evidence, and it must be shown that the owner or occupant either knew, or by the exercise of reasonable care should have known, of the defect or unsafe condition. Negligence cannot be established or recovery had on speculation, conjecture or guess. Great Atlantic and Pacific Tea Company v. Berry, supra [128 S.E.2d 311, 314]; Safeway Stores, Inc. v. Tolson, supra; Gauldin v. Virginia Winn-Dixie, Inc., supra.

In Safeway Stores, Incorporated v. Tolson, 203 Va. 13, 121 S.E.2d 751, at 753, the Court quoted the following from H. L. Green Co. v. Bowen, 223 F.2d 523, 524 (4th Cir. 1955):

"It is well settled * * * that a proprietor of a store is not an insurer of the safety of his customers; and is, therefore, not liable to a customer for injuries caused by some defect or unsafe condition in the premises in the absence of any evidence

tending to show that the proprietor or his servants or agents knew, or should have known by the exercise of reasonable diligence, of the defect or unsafe condition. [Citing cases]

"There is not a shred of evidence in the record that Green, or any of its employees, servants or agents, had any *actual knowledge* of the presence of the popcorn on the floor. In this case, Bowen can recover only upon a showing that the popcorn had been on the floor long enough to charge Green with *constructive notice* of its presence."

The facts in the case at bar are almost on all fours with Gauldin v. Virginia Winn-Dixie, Inc., supra. There, at page 170 [370 F.2d 167 (4th Cir. 1966)], the Court said:

The evidence offered by plaintiff to prove constructive notice placed defendant's employee, Rowe, eight to ten feet from the spot where plaintiff fell. But there was testimony to the effect that Rowe, pursuant to his assigned duty, had swept the floor twenty-five or thirty minutes before the accident occurred. There was no evidence as to how long the radish which was later discovered under the egg counter had been there, nor was there any testimony indicating that it should have been seen and removed by an employee.

and continuing:

To permit the jury to conclude that Rowe, who was engaged in his duties eight to ten feet from the point of the accident, should have been on a constant alert for a radish on the floor of the aisle which he had so recently swept and to the point of neglecting his duty to tend the display counters, would extend *Miracle Mart*[3] beyond its peculiar facts and would, in effect, make the defendant an insurer of the safety of its customers. The verdict was without competent evidence to support it and the trial judge should have directed a verdict for the defendant * * *."

In Great Atlantic and Pacific Tea Company v. Berry, 203 Va. 913, 128 S.E.2d 311, at page 313, the Court said:

The defendant only owed the plaintiff the duty of reasonable care. It is fundamental that in order for the plaintiff to recover, the burden was on her to prove that the defendant was negligent and that such negligence was the proximate cause of her injury.

In cases dealing with injuries received from falls caused by a foreign substance on the floor of a store where the public is invited to step, courts have consistently held that before recovery can be had it must be shown that the substance constituted a hazard and that the defendant knew or in the exercise of reasonable care should have known it was there. White v. Sears, Roebuck and Co. (4th Cir.), 242 F.2d 821, 66 A.L.R.2d 491; Safeway Stores, Inc. v. Tolson, supra.

\* \* \* \* \* \*

In support of her contention that the defendant in the exercise of reasonable care should have known that the piece of celery was on the floor where it could cause her to fall, plaintiff apparently relies upon two portions of the evidence: (1) That the bit of celery was dark in color, indicating that it had been on the floor for a period of time; and (2) that there were pieces of paper and one or two cigarette butts in the same general area under the shelf, indicating that it had all been carelessly swept there by an employee of the defendant.

In order to sustain these contentions within the circumference of this case, the burden was on the plaintiff to prove (a) that an employee of the defendant carelessly swept the celery under the shelf, or (b) that the celery had been on the floor a sufficient length of time for defendant to know it was there.

3.  Case of Miracle Mart, Inc. v. Webb, 205 Va. 449, 137 S.E.2d 887, 890.

To hold for the plaintiff on either basis would require pure speculation and conjecture. * * * it is just as likely that the bit of celery was dropped by a customer as by an employee of the store. It is also just as likely that it was kicked under the shelf by a customer walking in the aisle as by the sweeping of an employee; and it is just as probable that it had been there for a short period of time as for a lengthy period.

\* \* \* \* \* \* \*

In the case before us, the celery could have been dropped by a customer only minutes before the plaintiff stepped on it. To conclude otherwise would be to speculate or guess. Livingston v. Atlantic Coast Line R. Co. (4th Cir.), 28 F.2d 563.

In Colonial Stores, Inc. v. Pulley, 203 Va. 535, 125 S.E.2d 188, plaintiff recovered a verdict for injuries sustained when she fell upon a coca-cola bottle on the floor of the store. The evidence established the store was swept twice daily, and at other times when needed; that all employees were instructed to remove any foreign object found on the floor; that two employees passed the scene 15 or 20 times per day; that one employee was stationed at a counter within sight of the scene for about five hours of the day. In setting aside the jury verdict and entering judgment for defendant, the Court, after reciting the duty due plaintiff, said:

There is no evidence in the record before us that the bottle, which caused the plaintiff's fall, was placed or "caused * * * to be" on the floor by the defendant. If the jury's finding of negligence was based upon this feature of the case, then its finding is clearly erroneous.

Having failed to establish that the bottle was placed on the floor by the defendant, it was then incumbent upon the plaintiff to prove that the defendant knew it was there, or, to show that the bottle had been there long enough that the defendant ought to have known of its presence, and, in either event, failed to remove it within a reasonable time or to warn her of the danger.

There is no evidence in this case that the defendant knew of the presence of the bottle on the floor, nor is there any showing of the length of time it may have been there. It is just as logical to assume that it was placed upon the floor an instant before the plaintiff struck it as it is to infer that it had been there long enough that the defendant should, in the exercise of reasonable care, have known about it.

If the jury found negligence because the defendant "permitted" the bottle "to be and remain on the floor," then that finding is not supported by evidence and is clearly wrong.

Thus, it appears that the plaintiff failed to prove that the defendant placed the bottle on the floor and failed to show that, if someone else put it there, the defendant knew, or should have known, of its presence. No other theory was available to the plaintiff; there could be no other legal basis for a verdict in her favor.

Under the evidence there was but one conclusion that could be reached by fair-minded men, that is, that the defendant did not breach any duty which it owed the plaintiff. The defendant was, therefore, not negligent and could not be held liable for her injury. It was not an insurer of her safety. Safeway Stores, Inc. v. Tolson, 203 Va. 13, 15, 121 S.E.2d 751; State-Planters Bank & Trust Co. v. Gans, 172 Va. 76, 79, 200 S.E. 591.

There was no evidence from which the jury could determine how, when, or by whom the bottle was placed on the floor. The verdict, therefore, could have been reached only as the result of surmise, speculation and conjecture. This being true, it was error for the trial judge to refuse to set it aside. Williamsburg Shop v. Weeks, 201 Va. 244, 248, 110 S.E.2d 189; Woodson v. Germas, 200 Va. 205, 210, 104 S.E.2d 739.

The facts in the case at bar are clearly distinguishable from the facts in Miracle Mart, Inc. v. Webb, 205 Va. 449, 137 S.E.2d 887 (1964). There the court permitted the issue to go to the jury, and permitted a recovery. The holding of the court was based on two findings not present here, namely, (1) the assistant manager of the store had requested plaintiff to follow him, and as she followed him he was showing her articles on the counter; while following him, he blocked her view by placing himself between plaintiff and the danger; and (2) immediately prior to the accident the manager walked directly over the foreign substance which caused the fall and did not call it to plaintiff's attention. The court reasoned that if the manager had been keeping a proper lookout, he would have seen this foreign substance and warned plaintiff.

In Taylor v. Great Atlantic and Pacific Tea Company, 209 Va. 64, 161 S.E.2d 692, the court held the evidence raised an issue for the jury. There plaintiff fell because of alleged accumulation of water on the floor. There, the store manager "aware of this condition, ordered frequent mopping of the floor in this area."

■ In the case at bar the evidence establishes beyond question that the floor was swept numerous times each day, and that all personnel were instructed to keep the floor clean of foreign substances; and that at the time of the fall there was no foreign substance on the floor except the grape. No one saw it until after the fall. Margaret Headley had a broom (or a large mop) at her stand which she used to clean the floor. This was one of her duties. To require more of the defendant, would make it an insurer. None of defendant's employees knew the grape was on the floor. No evidence is presented as to how it got on the floor, or how long it had been there. Nor are there any circumstances shown which would infer knowledge to the defendant. To hold defendant negligent and/or infer knowledge would be pure conjecture and speculation. White v. Sears, Roebuck, 242 F.2d 821.

Plaintiff contends that defendant's method of operation "created a dangerous condition which caused the presence on the floor of the grape in question" and establishes a case without further proof. Such a theory is not supported by the law of Virginia. Nor is it supported by the facts in this case. Under the theory advanced by plaintiff, "the conduct of the defendant, in and of itself, creates a foreseeable risk of harm. * * * In such cases actual or constructive notice is not an element of proof." Maugeri v. Great Atlantic and Pacific Tea Company, 357 F.2d 202. This theory was accepted by the trial court in Pauline Ford v. Safeway Stores, Case # 264, decided March 27, 1968, in the Law and Equity Court of Richmond, Virginia. This case is now under appeal to the Supreme Court of Appeals of Virginia. Virginia has not adopted this theory. Virginia adheres to the theory that the defendant owed the invitee plaintiff the duty to exercise reasonable care to make its premises safe; that it must warn of hidden dangers or defects known to it, or of which it should have had knowledge by the exercise of reasonable care; and that defendant cannot be held liable unless he had actual or constructive notice of the condition. Until the Supreme Court of Appeals of Virginia or the Legislature of Virginia by statute changes this theory, this Court is bound by it. There can be no doubt Virginia has rejected the theory of warranty now promoted by plaintiff. See cases above cited.

■ In Virginia the right of one to recover for injuries due to a fall in a store, resulting from the presence of a foreign substance upon the floor, is governed by the principle of negligence and not warranty. Virginia has "consistently held that before recovery can be had it must be shown that the substance constituted a hazard and that the defendant knew or in the exercise of reasonable care should have known it was there." Great Atlantic and Pacific Tea Company

v. Berry, 203 Va. 913, 128 S.E.2d 311, 313.

The court re-stated its former holding in Miracle Mart, Inc. v. Webb, supra, when it said [137 S.E.2d 887 at 890]:

> In so holding we fully adhere to our former ruling in cases of this kind; i. e., that owners or persons in charge of property owe to an invitee or business visitor the duty of exercising reasonable or ordinary care for his safety and are liable only for injuries resulting from a breach of that duty. Such owners are not insurers of the safety of invitees and in order to impose liability for injury to an invitee the dangerous condition must have been known to the owner or occupant of the establishment, or have existed for such a length of time as to make it defendant's duty in the exercise of ordinary care to have discovered it. Safeway Stores v. Tolson, 203 Va. 13, 121 S.E.2d 751, supra; Colonial Stores v. Pulley, 203 Va. 535, 537, 125 S.E.2d 188, 190; 65 C.J.S. Negligence § 45, p. 521, et seq.; 38 Am.Jur., Negligence, § 131, p. 791, et seq.; 61 A.L.R. (Ann.), p. 6.

Again, the right of such a person to recover is stated in Volume 13, Michie's Jur., 1967 Cum.Supp., p. 114, § 18, where it is said:

> It is well settled that a proprietor of a store is not an insurer of the safety of his customer, and is, therefore, not liable to a customer for injuries caused by some defect or unsafe condition in the premises in the absence of any evidence tending to show that the proprietor or his servants or agents knew, or should have known by the exercise of reasonable diligence of the defect or unsafe condition.

In Great Atlantic and Pacific Tea Company v. Berry, supra, the Supreme Court of Appeals of Virginia refused to adopt the liberal expansion of the doctrine of "constructive notice."

Taken in the light most favorable to plaintiff, fair-minded persons could not conclude from the facts here that defendant had violated any duty owing to plaintiff. The motion for summary judgment is therefore granted and the action dismissed.