966 F.2d 1441
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Esther M. ADKINS, Plaintiff-Appellant,
v.
SCOA INDUSTRIES, INCORPORATED, Operating under the name of
Hills Stores Company, Defendant-Appellee.
 No. 90-2481.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 12, 1992
Decided: June 8, 1992
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Jackson L. Kiser, District Judge. (CA-90-180-R)
 S. D. Roberts Moore, Melissa Warner Scoggins, Gentry, Locke, Rakes & Moore, Roanoke, Virginia, for Appellant.
 Robert Malcolm Duncan Turk, Jebo & Rosenthal, Radford, Virginia, for Appellee.
 W.D.Va.
 AFFIRMED.
 Before WIDENER and PHILLIPS, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Esther M. Adkins, a resident of Virginia, brought this diversity action in the District Court for the Western District of Virginia, against SCOA Industries, Inc. ("SCOA"), a Delaware corporation with its principal place of business in Ohio, alleging negligence arising from a breach of duty owed by the owner of a premise to an invitee and damages in excess of the jurisdictional requirement of $50,000. SCOA moved for summary judgment, which the court granted. Adkins appealed, but before arguments could be heard, SCOA petitioned for bankruptcy relief, triggering the automatic stay under 11 U.S.C. § 362. Therefore, in accordance with the principles of the automatic stay, we placed the case in abeyance on February 27, 1991, pending further action in the bankruptcy court. On March 30, 1992, the parties agreed to modify the stay for the limited purpose of allowing this appeal to proceed on submission of papers. Hence, we directed that this case be submitted for a decision on the briefs without oral argument.
 
 I.
 
 2
 This appeal presents a typical "slip and fall" case. While walking through Hills Department Store, which is owned by SCOA, Adkins slipped and fell. Prior to falling, Adkins noticed no foreign substance on the floor. However, upon being assisted to her feet, she noticed some popcorn on the floor and a wet spot on one of her pants' legs. Adkins contends that some of the popcorn and drinks sold by Hills Department Store near the entrance of the store must have been spilled, causing her fall. Witnesses agreed that she did fall, but none remembered seeing any popcorn or liquid substance on the floor before the fall.
 
 II.
 
 3
 We review the grant of summary judgment de novo, drawing all factual inferences in favor of Adkins, the non-moving party.
 
 
 4
 Shealy v. Wonston, 929 F.2d 1009, 1011 (4th Cir. 1991). In a diversity action, Virginia state law controls, and it is well-settled in the area of slip and fall jurisprudence. The Virginia Supreme Court of Appeals explained the proper standard in such cases:
 
 
 5
 In cases dealing with injuries received from falls caused by a foreign substance on the floor of a store where the public is invited to step, courts have consistently held that before recovery can be had it must be shown [by the plaintiff] that the substance constituted a hazard and that the defendant knew or in the exercise of reasonable care should have known it was there.
 
 
 6
 Great Atlantic and Pacific Tea Company v. Berry, 128 S.E.2d 311, 313 (Va. 1962).
 
 
 7
 In Berry, the plaintiff sued the store owner for negligence after slipping on a piece of celery. The Berry court, however, found that, because the store owner had neither constructive nor actual notice of the celery's existence prior to the fall, there was not an affirmative duty to warn. The court noted that the celery could have been dropped only moments before the accident and concluded that"[t]he plaintiff cannot be said to have made out a case for the jury when it is necessary for the jury to speculate or guess in order to allow her a recovery." Berry, 128 S.E.2d at 314; see also Safeway Stores, Inc. v. Tolson, 121 S.E.2d 751, 753 (Va. 1961) ("Where the evidence shows that any one of several things may have caused the injury, for some of which the defendant is responsible and for some of which it is not, and leaves the real issue to speculation and conjecture, then the plaintiff has failed to establish a case").
 
 
 8
 Similarly, the facts here do not indicate whether Hills Department Store knew or, with reasonable diligence, should have known of the floor's condition. The popcorn and liquid substance could have spilled immediately before the accident. An employee testified that she had walked down the aisle only fifteen minutes prior to the fall and had not noticed any substance on the floor. This suggested that the popcorn and liquid were spilled just prior to the accident. Because there is an absence of evidence raising a duty of the store to warn, the district court's interpretation of Virginia law is correct.
 
 
 9
 Adkins asserts a number of counter arguments, but each lacks merit. Adkins must produce at least some evidence to raise a question of material fact to survive summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Without such evidence, under Virginia law the case may not be submitted to a jury for speculation. Adkins argues also that, because Hills Department Store provides an incentive to employees, who report spills on the floor, and does not specifically mandate that they be cleaned, the store should have known of the spill. First, the store does instruct its employees to keep their assigned areas tidy. A mandated policy of cleaning reported spills seems redundant. Second, we fail to understand how the absence of a specific policy to clean as well as report spills indicates that the store should have known of this spill. Adkins' other arguments are equally meritless.
 
 III.
 
 10
 After a careful review of the record and briefs, we find no error in the district court's memorandum opinion and grant of summary judgment in favor of the defendant. Accordingly, we affirm.
 
 AFFIRMED