# CIRCUIT COURT OF FAUQUIER COUNTY

Linda Sensabaugh

v.

Gateway et al.

January 26, 2000

Case No. (Law) CL-98-280

BY JUDGE THOMAS D. HORNE

This case is before the Court on the motion of the defendant to set aside the verdict of the jury. The jury returned a verdict in favor of the plaintiff and fixed her damages at $65,000.00.

Plaintiff was injured when her heel caught the edge of a rug. She demonstrated for the jury the rug's stiffened and curled condition with the use of a piece of paper. No one testified as to how long the rug had been there or as to its condition at the time it was placed on the floor.

If there is credible evidence in the record to support the jury's verdict, then defendant's motion must be denied. § 8.01-430, Code of Virginia; *Carter v. Lambert,* 246 Va. 309 (1993).

In order to recover, the plaintiff was required to prove that the defendant knew or should have known, in the exercise of ordinary care, of the unsafe condition of the carpet. *The Great Atlantic and Pacific Tea Co. v. Berry,* 203 Va. 913 (1962). Defendant was not plaintiff's insurer while she stayed at the motel. *Id.* Thus, it may be held liable for plaintiff's injuries only if it had either actual or constructive notice of the condition of the rug.

If the rug was laid in its curled up condition, the jury might fairly conclude that the defendant is liable for having exposed the plaintiff to a known risk. Moreover, even if the jury could not determine that the rug had been placed in such a condition, it might still reasonably find that a sufficient

period had elapsed during which, in the exercise of ordinary care, the risk could have been identified and injury avoided.

In the instant case, there is no evidence as to the condition of the rug at the time it was placed on the floor. Accordingly, a verdict based on such a premise would demand idle conjecture and speculation on the part of the jury. However, the Court's inquiry does not end with such a finding.

It is not speculation for the jury to have concluded that the condition of the rug did not occur in a twinkling and that some time had passed during which its hazardous condition would be noticeable to one charged with its care. The jury could, therefore, fairly conclude, based upon the description of the condition of the carpet at the time of plaintiff's injury, that the defendant should have known of the risk in the exercise of reasonable care. By failing to exercise such care, the defendant breached its duty to the plaintiff to maintain its premises in a reasonably safe condition. *Memco Stores, Inc. v. Yeatman*, 232 Va. 50 (1986); *Austin v. Shoney's, Inc.*, 254 Va. 134 (1997).

The defendant also suggests that the plaintiff is guilty of contributory negligence as a matter of law. The Court will, without the need for comment, deny the motion as to that ground.

Accordingly, the Court will deny the motion to set aside the jury verdict in this case and enter judgment on the jury verdict.