**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

JOSEPH C. ABBOTT,

*Plaintiff-Appellant,*

v.

THE KROGER COMPANY,

*Defendant-Appellee.*

No. 01-1485

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Samuel G. Wilson, Chief District Judge.
(CA-00-783-7)

Submitted: August 14, 2001

Decided: October 12, 2001

Before NIEMEYER and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

G. David Nixon, Stephen W. Athanson, HUFFMAN & NIXON, P.C.,
Roanoke, Virginia, for Appellant. C. Kailani Memmer, GENTRY,
LOCKE, RAKES & MOORE, Roanoke, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Joseph Abbott was injured when he slipped and fell in a puddle of liquid at a Kroger store. He filed this action alleging that his injuries were caused by Kroger's negligence. The district court granted Kroger's motion for summary judgment, and Abbott appeals.

Abbott contends on appeal that the district court erred in granting summary judgment. He argues that the issue of whether the spill was on the floor long enough for Kroger to have constructive knowledge of its existence is an issue of fact for the jury. However, we agree with the district court that evidence regarding when a defect such as a spill occurred is part of the prima facie case for negligence. *Winn-Dixie Stores, Inc. v. Parker*, 396 S.E.2d 649, 651 (Va. 1990). Virginia law does not allow speculation on the issue. *Great Atl. & Pac. Tea Co. v. Berry*, 128 S.E.2d 311, 313-14 (Va. 1962). *See also Colonial Stores Inc. v. Pulley*, 125 S.E.2d 188, 190 (Va. 1962) (holding verdict requiring "surmise, speculation and conjecture" about foreign object that caused fall could not stand).

Abbott also asserts that Kroger had a duty to warn customers about possible spills because another, much smaller spill had been cleaned up within five minutes of Abbott's fall at another part of the store. Again, however, Abbott's theory requires pure speculation to formulate a set of possible facts that might constitute negligent failure to warn. Here, as in a similar case decided by the Supreme Court of Virginia, "there was no showing that the defendant[ ] actually knew of the existence of a hazardous condition before [the plaintiff] fell or that the condition had existed long enough that the defendant[ ] should have known of its existence in time to remove it or warn [the plaintiff] of the danger." *Ashby v. Faison & Assoc., Inc.*, 440 S.E.2d 603, 605 (Va. 1994). Therefore, we reject this argument as well.

We affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*