## Richmond

Margaret E. Taylor v. The Great Atlantic and Pacific Tea Company, Inc.

June 10, 1968.

Record No. 6691.

Present, All the Justices.

*James H. Harvell, III; Theodore V. Morrison, Jr. (William McL. Ferguson; Ferguson and Harvell; Morrison & Stephenson,* on brief), for plaintiff in error.

*Daniel W. Wilkinson, Jr. (Ford, West & Wilkinson,* on brief), for defendant in error.

I'Anson, J., delivered the opinion of the court.

Plaintiff, Margaret E. Taylor, instituted this action against the defendant, The Great Atlantic and Pacific Tea Company, Inc., to recover damages for injuries sustained when she slipped and fell to the floor in defendant's store while there as a customer.

The case was tried to a jury, and at the conclusion of plaintiff's evidence defendant moved the court to strike out all her evidence and enter summary judgment in its favor. In sustaining defendant's motion, the trial court, in an oral opinion, ruled that there was sufficient evidence on the question of negligence of the defendant and lack of contributory negligence of the plaintiff to present jury ques-

tions, but that the evidence was insufficient "to show the proximate causation between the water being on the floor and the plaintiff falling." We granted plaintiff a writ of error to the judgment.

The principal question presented on this appeal is: Did the trial court err in withdrawing from the jury's consideration the question whether the accumulation of ice and water on defendant's floor proximately caused plaintiff's fall?

The plaintiff testified that she entered defendant's store in the Beaconsdale Shopping Center in Newport News, Virginia, between 10 and 11 a.m. on July 31, 1962, to purchase groceries. She proceeded to the produce department in the back of the store to the area forming an aisle between two display tables. She was wearing white shorts and a blouse and had on tennis shoes. As she turned at the corner of one of the tables, which was displaying watermelons, she slipped and fell to the floor. Her clothes got "sopping wet" when she hit the floor and she was lying in ice and water covering an area of approximately three feet in diameter. Plaintiff said that while she was looking where she was going, she did not see anything on the floor prior to falling. When the store manager arrived on the scene she heard him tell one of his employees: "I told you once to wipe the floor up. Now get it done."

Carl Manning, an employee in the produce department of the store at the time of plaintiff's fall, described the fixture and table arrangement in that part of the store where plaintiff fell. He said refrigerated cases were lined along the back wall. Two display tables, located approximately four feet apart, were placed three to four feet in front of the refrigerated cases. One of the tables, made of galvanized sheet metal, was two or three inches deep and contained watermelons buried in flaked ice. It had a drain hole and hose in the bottom through which water from the melted ice passed into a galvanized trash can. Ice and water fell onto the floor from the handling of the watermelons by the customers, and the store's manager, aware of this condition, ordered frequent mopping of the floor in this area.

Manning said he saw plaintiff walk between the two display tables toward the aisle running in front of the refrigerated cases, and as she turned at the corner of the watermelon display table, she fell. He went to her aid and observed ice and water on the floor in the area where plaintiff fell. The white and pink tile floor was slippery when it was wet, but no warning was given to customers as to this condition.

We have repeatedly said that it is the established rule in Virginia, in considering a motion to strike out all plaintiff's evidence, that the evidence is to be considered very much as on a demurrer to the evidence, and all inferences which a jury might favorably draw from plaintiff's evidence must be drawn in his favor. Where there are several inferences which may be drawn from the evidence, though they may differ in degree of probability, the court must adopt those most favorable to the party whose evidence it is sought to have struck out, unless they be strained, forced, or contrary to reason. *Green* v. *Smith*, 153 Va. 675, 680, 151 S. E. 282, 283 (1930); *Hall* v. *Hockaday*, 206 Va. 792, 797, 146 S. E. 2d 215, 218 (1966); *Williams* v. *Chesapeake Bay Bridge and Tunnel District*, 208 Va. 714, 160 S. E. 2d 573 (1968).

Proximate cause is usually a question of fact for the jury. It is only when facts are susceptible of but one inference, and reasonable men can reach but one conclusion from them, that the question becomes one of law for the court. *Standard Oil* v. *Williams*, 202 Va. 362, 366, 117 S. E. 2d 93, 95 (1960); *Smith* v. *Carpenter*, 198 Va. 91, 92, 92 S. E. 2d 275, 277 (1956); *Steele* v. *Crocker*, 191 Va. 873, 880, 62 S. E. 2d 850, 853 (1951).

In *Shiflett* v. *Timberlake, Inc.*, 205 Va. 406, 137 S. E. 2d 908 (1964), the trial court set aside a jury verdict for the plaintiff who slipped on water that allegedly had accumulated on the floor of defendant's drugstore. In reversing the lower court's judgment, reinstating the jury's verdict, and entering final judgment in favor of the plaintiff, we held that whether the defendant was guilty of negligence which proximately caused plaintiff's injuries and the lack of her contributory negligence were jury questions.

Defendant says that plaintiff's evidence does not show that she stepped on the ice and water on the floor before she fell. Thus it argues that the condition of the floor was not the proximate cause of her fall.

It is true that plaintiff did not say that she stepped on the ice and water before she fell, but this does not show that the accumulated ice and water on the floor did not cause her to slip and fall. She did not see the ice and water until after she had fallen to the floor, and it could reasonably be inferred that because of the color of the tile floor the ice and water on the floor was not open and obvious to plaintiff in the exercise of ordinary care. Plaintiff's evidence does show that she slipped and fell to the floor; that there was ice and water on the

floor at the place where she hit the floor; that it covered an area three feet in diameter; that the floor was slippery when wet; and that she was "sopping wet" after the fall. Reasonable men could conclude from this evidence that the floor was slippery because of the accumulation of flaked ice and water, and that this condition proximately caused plaintiff to slip and fall. Thus the question of whether the condition of the floor proximately caused plaintiff to fall was a factual one for the jury's determination, and not one of law for the court.

We agree with the trial court's ruling that under the evidence in this case the negligence of defendant and the contributory negligence of plaintiff were jury questions, but we disagree with its holding that proximate cause was a question of law for the court. See, *Shiflett* v. *Timberlake, Inc., supra*, 205 Va. at 411, 137 S. E. 2d at 912. Thus it was error for the court to withdraw the case from the jury.

For error in not submitting to the jury the issues of proximate cause, negligence of the defendant, and contributory negligence of the plaintiff, the judgment of the court below is reversed and the case remanded for a new trial.

*Reversed and remanded.*