### Richmond

RENE DUNCAN, AN INFANT

V.

REBECCA C. HIXON, AN INFANT, ETC.

March 12, 1982.

Record No. 810713.

Present: Carrico, C.J., Cochran, Poff, Compton, Thompson, Stephenson, JJ., and Harrison, Retired Justice.

*Jerry K. Jebo (Stephen D. Rosenthal; Jebo & Rosenthal,* on briefs), for appellant.

*Edwin C. Stone, (Davis, Stone & Wall, P.C.,* on brief), for appellee.

STEPHENSON, J., delivered the opinion of the Court.

Rene Duncan, the defendant at trial, appeals a judgment in the amount of $25,000 in favor of Rebecca Hixon. Hixon suffered personal injuries when she was struck by an automobile driven by Duncan. Duncan contends the court erred in admitting evidence that she was operating the automobile in violation of Code § 46.1-357(2) and in instructing the jury that this violation constituted negligence.

At the time of the accident, Duncan was fifteen years old and held a temporary instruction permit. Code § 46.1-357(2) allows the holder of such a permit to operate a motor vehicle "when accompanied by a licensed operator or chauffeur eighteen years of age or older who is actually occupying a seat by the driver."

On the afternoon of June 20, 1979, Duncan was operating an automobile within the confines of the Belmont Trailer Park, where she resided. She observed four-year-old Rebecca Hixon and Re-

becca's six-year-old sister playing with a tricycle on the right-hand portion of the roadway. Duncan applied the brakes and maneuvered to the left. Confident the children had seen her, and acting on the assumption they would remain where they were, Duncan turned her attention to the roadway ahead, removed her foot from the brake, and permitted the automobile to continue its forward progress at approximately five miles per hour. Unseen by Duncan, Rebecca Hixon darted into the path of the automobile and was struck.

Over Duncan's objection, the jury heard evidence that she possessed only a temporary instruction permit, and that, contrary to law, she was alone when the accident occurred. Also over objection, the court instructed the jury that:

> [T]he defendant violated the law when she operated this vehicle under a temporary instruction permit without a licensed driver over the age of eighteen years on the seat beside her. This violation of the law was negligence.
>
> And if you believe from a preponderance of the evidence that any such negligence in violating the law was a proximate cause of this accident, then you shall return your verdict in favor of the plaintiff.

Conceding her violation of Code § 46.1-357(2) was negligence *per se,* Duncan argues this negligence, as a matter of law, was not a proximate cause of the accident.

In a majority of accident cases, the violation of a licensing statute by a driver is not held relevant to the determination of fault. *See,* Annot., 29 A.L.R.2d 963 (1953). We have followed this view in *White* v. *Edwards Chevrolet Co.,* 186 Va. 669, 43 S.E.2d 870 (1947), and *Laughlin* v. *Rose, Administratrix,* 200 Va. 127, 104 S.E.2d 782 (1958).

In *White,* a "thoroughly competent" driver failed through an oversight to have his license renewed. 186 Va. at 672, 43 S.E.2d at 871. We held there was "an entire lack of evidence of any causal connection between the statutory violations . . ." and the accident. *Id.*

Similarly, in *Laughlin,* the defendant, in violation of statute, allowed an unlicensed driver to operate his car. We said: "The lack of a driver's license did not proximately cause or contribute to the

collision. Nor would it have been avoided had she had a license." 200 Va. at 133, 104 S.E.2d at 786.

In the present case, unlike *White* and *Laughlin,* we cannot say, as a matter of law, that Duncan's statutory violation was not a cause of the accident. She made a judgment that the infant plaintiff would not move in front of her car. Had the judgment of an adult licensed driver been substituted for hers, the outcome might have been different. Given the slow speed of the vehicle, we cannot say an adult passenger would not have had time to effectively intervene.

Ordinarily, proximate cause is a question for the jury. It becomes one of law only when the minds of reasonable men could not differ. *Taylor* v. *A. & P.,* 209 Va. 64, 66, 161 S.E.2d 692, 693 (1968). In the present case, we believe a jury issue was presented, and, therefore the verdict will not be disturbed.

Accordingly, the judgment of the trial court will be affirmed.

*Affirmed.*