## CIRCUIT COURT OF FAIRFAX COUNTY

William H. Nilsen

v.

Trigg et al.

August 8, 1994

Case No. (Law) 124534

BY JUDGE THOMAS A. FORTKORT

The matter is before the Court on Plaintiff William H. Nilsen's Motion to Strike Defendant Benjamin J. Mathwin's Demurrer. The Court heard oral argument and took the matter under advisement. For the reasons stated below, the Court overrules the Motion to Strike, thereby sustaining the Demurrer.

The events giving rise to this litigation are those outlined in the parties' memoranda. Plaintiff's decedent, Susan Nilsen, and Defendant Elias Mrad were involved in a head-on automobile collision while travelling on Route 50 in Fairfax County. Defendant Mrad was operating a Nissan Pathfinder under a valid Learner's Permit issued by the Commonwealth of Virginia pursuant to Code of Virginia § 46.2-335. Mathwin, a licensed driver over the age of eighteen years, rode in the front passenger seat. Among the claims contained in the Motion for Judgment is a negligence claim against Mathwin, charging that despite Mathwin's knowledge that Mrad was a beginning driver, Mathwin implicitly or explicitly assumed a duty to supervise Mrad and violated that duty by failing "to pay proper time and attention to the operation of the motor vehicle, and . . . to supervise, advise, and direct Elias Mrad on the proper course of conduct when faced with [the factual situation described above]." Plaintiff's Motion for Judgment at 8.

In his Demurrer, Mathwin submits that while Code § 46.2-335 makes it a Class 2 misdemeanor for a learning driver to ride without a licensed adult driver, the statute imposes no corresponding legal obligation or duty

upon the licensed driver.[1] Nilsen insists that the Virginia Supreme Court has already declared the legislative intent behind the statute, and, consequently, a cause of action does exist against the licensed driver for negligent supervision of the learning driver. *Smith v. Tatum*, 199 Va. 85 (1957). The *Smith* court did remark that the statute was designed "for the purpose that [the licensed driver] give directions and exercise control if the occasion required." *Smith*, 199 Va. at 90. However, the *Smith* court's comment was made in the context of a discussion involving the application of the *res ipsa loquitur* doctrine. The duty and corresponding liability of the *licensed driver* was not at issue in *Smith*.

More recently, the Virginia Supreme Court handed down another decision involving an automobile accident which occurred with a learning driver behind the wheel. In *Duncan v. Hixon*, 223 Va. 373 (1982), the court considered the case of a fifteen year old who was driving a motor vehicle through a trailer park without a licensed adult driver occupying the front passenger seat. Holding that this violation of the statute was evidence of negligence per se and could have been considered a cause of the accident, the Court noted "had the judgment of an adult licensed driver been substituted for [defendant's], the outcome might have been different." *Duncan*, 223 Va. at 376. Further, the Court observed, "Given the slow speed of the vehicle, we cannot say an adult passenger would not have had time to effectively intervene." *Id.*

In addition, Nilsen offers decisions culled from other jurisdictions which appear to support the finding of a duty owed by the licensed driver. Upon closer inspection, however, it is clear that the courts in the cited jurisdictions are governed by state statutes which explicitly impose a duty on the licensed driver. This Court is confined by no similar language in Virginia's statute. For example, in Rhode Island, "the licensed operator shall be in such position in the vehicle being operated as to readily control at all times the operation of the motor vehicle." Section 5, chapter 670, Public Laws 1925. In *Cullinan v. Kooharian*, 153 A. 877, 878 (1931), the Rhode Island Supreme Court found that the licensed operator "assumes the duty of exercising due care," but that "the duty arises by implication

---

[1] Code of Virginia § 46.2-335 reads, "The [Department of Motor Vehicles], on receiving from any person over the age of fifteen years eight months an application for a learner's permit, may, in its discretion, issue a permit entitling the applicant, while having the permit in his immediate possession, to drive a motor vehicle on the highways for a period of one year when accompanied by a licensed driver eighteen years of age or older who is actually occupying a seat beside the driver."

from the provisions of the statute." *Cullinan*, 153 A. at 878. Similarly, in New Jersey, a permittee may operate a motor vehicle "while in the company and under the supervision of a licensed motor vehicle driver." N.J.S.A. 39:3-13. The New Jersey Superior Court, Appellate Division has held that, "[the above-cited provision] . . . specif[ies] the substance of the duty necessarily undertaken by one who accompanies a permittee as the licensed driver and which is owed by him to the public — to supervise and control the permittee." *Forker v. Pomponio*, 158 A.2d 849, 851 (1960).

Lastly, Nilsen cites language found in Restatement (Second) of Torts to suggest that Mathwin owes a duty by virtue of his agreement to assume the role contemplated by the statute. The cited provision states:

> "One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if: (a) his failure to exercise reasonable care increases the risk of such harm, or (b) he has undertaken to perform a duty owed by the other to the third person . . . ."

Restatement (Second) of Torts § 324 (1965).

Despite the pronouncements of the learned commentators, the case law from other jurisdictions and the Virginia Supreme Court's own statements regarding the statute in question, the well-settled rule in Virginia is that statutes in derogation of the common law must be strictly construed and not enlarged beyond their express terms. *Blake Construction Co. v. Alley*, 233 Va. 31, 34 (1987); *C. & O. Ry. v. Kinzer*, 206 Va. 175 (1965).

In *Duncan* as in *Smith*, the question was the liability of the *permittee*, not the licensed driver. The Virginia statute imposes no duty upon the *licensed* driver. The statute simply says that the permittee may operate the vehicle when "accompanied by a licensed driver eighteen years of age or older who is actually occupying a seat beside the driver." Virginia has long maintained a system which places upon the driver the duty to assure that the vehicle being operated meets all state safety and licensing regulations. The cases of *Duncan* and *Smith*, as well as the statute itself, uphold the principle of driver liability and do not extend that duty beyond the driver.

This Court will decline to write into the statute a duty which is not clearly intended by the legislature. The Plaintiff has not made a sufficient showing that with this legislation, the General Assembly intended to ex-

pose an entirely new class of persons to tort liability. The statute merely expresses the traditional Commonwealth policy of holding the driver of a motor vehicle, in this case a learning driver, responsible for the safe operation of that vehicle. Accordingly, the Court will sustain Mathwin's Demurrer and grant Nilsen twenty-one days to amend his Motion for Judgment.