# CIRCUIT COURT OF THE CITY OF RICHMOND

Porsha K. Thomas

v.

James Thomas Easley

August 31, 2000

Case No. LL-114-4

BY JUDGE RANDALL G. JOHNSON

This personal injury action, which arises out of a traffic accident, is before the court on defendant's motion *in limine*. The written motion asks the court to preclude plaintiff from presenting evidence to the jury that (1) defendant "fled" the scene of the accident without giving his name, address, and other information to the police or to plaintiff and without rendering assistance to plaintiff, and (2) defendant was operating his vehicle with a suspended driver's license at the time of the collision. At the hearing on the motion, defendant's counsel withdrew the motion as it regards defendant's leaving the scene of the accident, and argument was heard only on whether plaintiff would be allowed to show that defendant's driver's license was suspended. After argument, the court took the matter under advisement.

In *Duncan v. Hixon*, 223 Va. 373, 288 S.E.2d 494 (1982), the defendant was fifteen years old and had a learner's permit at the time of the accident at issue. Contrary to then Va. Code § 46.1-357(2) (now Va. Code § 46.2-335(A)), which required that a licensed driver over the age of eighteen be in the seat beside her while she was driving, defendant was in the car by herself when she struck the six-year-old plaintiff who was playing with a tricycle on the right-hand portion of the roadway. The trial court allowed the plaintiff to present evidence of the defendant's license status and also instructed the jury that:

> [T]he defendant violated the law when she operated this vehicle under a temporary instruction permit without a licensed driver over the age of eighteen years on the seat beside her. This violation of the law was negligence.
>
> And if you believe from a preponderance of the evidence that any such negligence in violating the law was a proximate cause of this accident, then you shall return your verdict in favor of the plaintiff.

223 Va. at 375.

The defendant argued that these actions by the trial court were error. The Supreme Court disagreed:

> In a majority of accident cases, the violation of a licensing statute by a driver is not held relevant to the determination of fault. *See,* Annot., 29 A.L.R.2d 963 (1953). We have followed this view in *White v. Edwards Chevrolet Co.,* 186 Va. 669, 43 S.E.2d 870 (1947), and *Laughlin v. Rose, Adm'x,* 200 Va. 127, 104 S.E.2d 782 (1958).
>
> In *White,* a "thoroughly competent" driver failed through an oversight to have his license renewed. 186 Va. at 672, 43 S.E.2d at 871. We held there was "an entire lack of evidence of any causal connection between the statutory violations . . ." and the accident. *Id.*
>
> Similarly, in *Laughlin,* the defendant, in violation of statute, allowed an unlicensed driver to operate his car. We said: "The lack of a driver's license did not proximately cause or contribute to the collision. Nor would it have been avoided had she had a license." 200 Va. at 133, 104 S.E.2d at 786.
>
> In the present case, unlike *White* and *Laughlin,* we cannot say, as a matter of law, that Duncan's statutory violation was not a cause of the accident. She made a judgment that the infant plaintiff would not move in front of her car. Had the judgment of an adult licensed driver been substituted for hers, the outcome might have been different. Given the slow speed of the vehicle, we cannot say an adult passenger would not have had time to effectively intervene.
>
> Ordinarily, proximate cause is a question for the jury. It becomes one of law only when the minds of reasonable men could not differ. *Taylor v. A. & P.,* 209 Va. 64, 66, 161 S.E.2d 692, 693 (1968). In the present case, we believe a jury issue was presented, and, therefore the verdict will not be disturbed.

223 Va. at 375-76.

In the case at bar, both counsel stated at the hearing on defendant's motion that they did not know why defendant's license was suspended. If it was suspended for a reason that bears on his "competence" to operate a motor vehicle, as the word "competence" is used in *Duncan*, evidence of its being suspended is probably admissible. If it was suspended for a reason that does not bear on his competence to operate a motor vehicle, such evidence is probably not admissible. No ruling can be made until the court knows why defendant's license was suspended.

Accordingly, the court makes no ruling on defendant's motion *in limine* at this time. The court will order, however, that before plaintiff makes any presentation to the jury of the fact that defendant's license was suspended, either in opening statement or otherwise, plaintiff must ask to be heard outside the presence of the jury so that she can present evidence to the presiding judge to allow the presiding judge to decide whether such fact may be presented to the jury.